## THOMPSON *vs.* TURNER.

|      |     |
|------|-----|
| 69   | 219 |
| 129  | 65  |

1. The construction of a verdict and decree is for the court, not the jury.

(*a*.) Ordinarily, whether a contempt has been committed by violating the process or decree of a court of chancery, is a question for the chancellor.   It may be that he can submit pure questions of fact to the decision of a jury, but not the construction of the decree alleged to have been violated.

2. The Supreme Court held (58 *Ga.*, 268) that the defendant would be estopped from obstructing the passage of light and air through complainant's windows, if such windows were necessary for that purpose, and other windows already opened or which might conveniently be opened, would not reasonably suffice therefor.   It was also in controversy whether defendant had not erected obstructions on the land of complainant.   The jury found "that the obstructions are on Thompson's (complainant's) land, and should be removed "; and a decree was entered accordingly:

*Held*, that the meaning of such verdict and decree was to require a removal of the obstructions from complainant's land, and it did not include the existence of such necessity as would work an estoppel upon the defendant.

January 16, 1883.

Equity.   Practice in Superior Court.   Easements. Verdict.   Before Judge TOMPKINS.   Chatham Superior Court.   December Term, 1881.

Turner owned a lot in the city of Savannah, for many years, and built a house on one-half of it.   Upon his death, his widow, Mrs. Turner, became his executrix, and as such sold the property.   The improved half-lot was purchased by a vendor under whom Thompson bought ; the other half-lot by Mrs. Turner, with the assent of all the legatees.   There was a dispute about the line between the two half-lots.   Mrs. Turner claimed a line located by old palings, and lines dividing this from adjoining tenements and lots.   The other line was one run by the city surveyor according to the city map and according to the location of the well and other indices.   On the line which was claimed

by her as the correct line, Mrs. Turner put up a high planking or obstruction, within a few inches of Thompson's house, and ran a line of fence so as to cut into Thompson's out-buildings. He filed a bill to compel the removal of the obstructions to his light and air, and to require the removal of the fence line to the true line between the lots as claimed by him. The jury found in his favor, and the case was brought to the Supreme Court and returned for a new trial.

(See 58 *Ga.*, 268, where the case is fully reported.)

On the next trial in the Superior Court, the jury returned the following verdict:

" We, the jury, find for the complainant, that the true line is the last survey of March 15, 1875, as given by city surveyor Hogg; and, further, find that the obstructions are on Thompson's land, and should be removed. March 4, 1878."

Upon this verdict the chancellor entered the following decree :

" Wherefore it is now considered, ordered, adjudged and decreed by the court that the said verdict be, and the same is hereby made the decree of this court; and, further, that the defendant be, and she is hereby required and ordered to forthwith remove the fence complained of in the bill to the line of division between the two half-lots mentioned in the said verdict, the same being the line described in the bill and claimed by complainant; and, further, that the defendant be, and she is hereby required and ordered forthwith to remove the obstructions to the eastern windows of complainant's house, and that she, the said defendant, her agents and assigns be, and they are hereby perpetually enjoined from again erecting said obstructions; and, further, that defendant do pay eighteen dollars and fifteen cents costs in this behalf incurred. March 5, 1878."

Subsequently, Thompson proceeded against Mrs. Turner to have her attached for contempt, alleging that she had not complied with the decree set out above. A rule *nisi* was issued, and Mrs. Turner answered, denying that she was in contempt, and alleging that in obedience to the decree she had removed the obstructions mentioned and had not again erected them on Thompson's land, or in

derogation of his rights, and that she had fully complied with the decree. The chancellor submitted the case to a jury.

It appeared that after the former decree, Mrs. Turner had not taken down the obstructions, but had caused them and the fence line to be removed so as to be entirely upon her own land. The practical result of this was to remove the obstructions several inches further from Thompson's windows.

The jury found the following verdict:

" We, the jury, find for the complainant, in this, that the obstructions to said windows be taken down. And that defendant have the right to erect such a building as she may think proper, on such vacant half-lot. Savannah, March 25, 1880."

The chancellor entered up a decree construing the former decree as perpetually enjoining Mrs. Turner from obstructing Thompson's windows and the light and air supplied through them, and requiring Mrs. Turner to take down the obstructions on pain of being considered in contempt.

Defendant moved for a new trial, on the following among other grounds:

(1.) Because the judge charged that the finding for the complainant in the verdict of March, 1878, was a complete verdict, and the rest of the language therein contained merely reasons for the verdict, and that bad reasons would not vitiate a verdict.

(2.) Because no jury has yet found against defendant the questions required by the Supreme Court to be answered by the jury, that is to say, is light and air enough for the convenience of the inmates of the house now let in, or can Thompson get light from other windows already opened or which he can open without detriment or danger to his house.

The new trial was granted, and plaintiff excepted.

A. P. & S. B. Adams, for plaintiff in error.

JNO. M. GUERRARD, for defendant.

JACKSON, Chief Justice.

This case was before this court in 58th *Ga.*, 268. A new trial was then granted and the decree set aside, on the ground that the court erred in decreeing a perpetual injunction 'against obstructing the light of complainant's windows, the question of their necessity to the reasonable use of the rooms lighted by them not having been passed upon by the jury.

On the second trial of the case, the jury returned the following verdict: "We, the jury, find for the complainant, and that the true line is the last survey of March 14, 1875, as given by City Surveyor Hogg, and further find that the obstructions are on Thompson's land and should be removed."

Thereupon, a decree was rendered that the verdict be made the decree of the court, and that the defendant "forthwith remove the obstructions to the eastern windows of complainant's house," and be forever enjoined from again erecting them.

The complainant, after the return of this verdict and the rendition of this decree, filed a petition to the effect that the defendant had not removed the obstructions, and prayed an attachment against her for contempt in not doing so.

To this she responded that she had removed them, and on this, it seems, issue of fact was joined, and, on this issue, before a jury, this verdict was returned, to-wit: "We, the jury, find for the complainant in this, that the obstructions to said windows be taken down ; and that defendant have the right to erect such a building as she may think proper on said vacant half lot." ·

A motion was made to set aside this verdict, and grant a new trial on various grounds alleged in the motion, which was granted, and the complainant excepted, and that makes the case now before this court.

1. It appears from the facts disclosed in the record that the whole question which was submitted to the jury turned on the construction of the verdict first above copied, and that whether Mrs. Turner was or was not in contempt depended on its meaning and that of the decree rendered thereon.

These were issues of law, and not of fact. They should have been passed upon by the chancellor and determined by him.

The whole question, it seems to us, was a question of contempt of the process of the court of chancery, and for the decision of the chancellor thereon. Such questions, so far as we are informed, in equity practice, are exclusively for the court. The gravamen of the appeal for redress is contempt of its final process.

It may be that the chancellor might, under our own liberal jury system, refer to a jury a question of pure fact as to whether the obstructions were removed, and how far, but it would be beyond all precedent and principle to have a jury construe for a court its own decree in connection with the verdict on which that decree was founded, in order to ascertain whether the defendant was in contempt of that court.

2. The facts here seem undisputed. Mrs. Turner moved the obstructions so as to be off the land of complainant, beyond all doubt. It was doubtful in the judgment of this court, before. See 58 *Ga.*, 268. Was that a compliance with the last verdict and decree?

It would so seem, from the facts, that this court held that to entitle the complainant to have the use of this light and air for his house, it must be shown that he could not get it elsewhere over his own land, and that it was a real necessity that he get it at this easement, and that he cannot so have it if at reasonable cost he could substitute other lights to his building over his own property, and without at all interfering with his neighbor, and from the fact that the verdict says nothing about this necessity,

but appears to rest the removal of the obstructions on the ground that they were on complainant's land. They found "that the obstructions are on Thompson's land and should be removed." They did not find that the house needed this light and air, and could not substitute other windows for it; but that the obstruction was on complainant's land, and should therefore be removed, must be its meaning. The decree will be construed in the light of the verdict. It follows it, and, therefore, apparently means the same thing.

We conclude, therefore, that this verdict is contrary to law, and should be set aside: first, because the issue was not proper matter for a jury to pass upon; and, secondly, because the court, in its charge, put a wrong construction on it.

Judgment affirmed.