BIEN v. ROBINSON, RECEIVER OF HAIGHT & FREESE COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 135. Submitted January 27, 1908.—Decided February 24, 1908.

Where the jurisdiction of the Circuit Court is questioned merely in respect to its general authority as a judicial tribunal to entertain a summary proceeding to compel repayment of assets wrongfully withheld from a receiver appointed by it, its power as a court of the United States as such is not questioned and the case cannot be certified directly to this court under the jurisdiction clause of § 5 of the Judiciary Act of 1891.

Where no sufficient reason is stated warranting this court in deciding that the Circuit Court acted without jurisdiction, this court will assume that the Circuit Court acted rightfully in appointing receivers and issuing an injunction against disposition of assets.

The delivery of a check is not the equivalent of payment of the money rendered by the check to be paid, and in this case, the check not having been

cashed until after receivers had been appointed, the payee, who had knowledge of their appointment and the issuing of an injunction order, was required to repay the amount.

A court of equity has power by summary process, after due notice and opportunity to be heard, to compel one who, in violation of an injunction order of which he had knowledge, has taken assets of a corporation in payment of indebtedness, to repay the same to the receiver.

THE facts are stated in the opinion.

Mr. Albert I. Sire for plaintiff in error.

Mr. Roger Foster, Mr. Frederick J. Moses and Mr. G. Thomas Dunlop for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

By a decree of the Circuit Court of the United States for the District of Massachusetts, James D. Colt was appointed receiver of the property and assets of the Haight & Freese Company, a New York corporation, then ostensibly engaged in business as stockbrokers in New York, Boston, Philadelphia and other cities. Subsequently, and on May 9, 1905, in the Circuit Court of the United States for the Southern District of New York, upon a bill filed on behalf of one Ridgway Bowker against the said Haight & Freese Company and others, Colt and one Edmonds were appointed temporary receivers of the same corporation, "both original and as ancillary to said decree of the Circuit Court of the United States for the District of Massachusetts." The order appointing receivers also contained a clause enjoining the defendants, various other named persons and corporations, and all persons and corporations generally, from paying over or transferring any of the money, property, effects or assets of the corporation to any person other than the receivers. On the same day that the receivers were appointed, but before the filing of the bill of complaint, an officer of the Haight & Freese Company gave to Franklin Bien, an attorney at law, a check drawn on the Colonial Bank of the city

of New York, in which were on deposit funds of the company, and later in the day Mr. Bien learned of the appointment of the receivers and the terms of the order. The check was certified on the following day, was then endorsed by Bien and collected th. ugh a third party. In June following, upon the petition of the receivers, a rule was issued requiring Mr. Bien to show cause why an order should not be made requiring him to pay to the receivers the money thus collected on the check, with interest. The application was heard upon affidavits, and an order was issued by the circuit judge requiring Mr. Bien to pay the money to the receivers, with interest, within ten days after the service of the order. Bien thereupon sued out this writ of error. In addition to allowing the writ of error the circuit judge certified that the application was made "upon the ground that this [Circuit] court had no jurisdiction to make the order as in said petition for appeal and assignment of errors appears," and it was further certified "that the question of jurisdiction was involved in making the order of May 29, 1906."

The alleged errors assigned are in substance that the court below had not jurisdiction over the plaintiff in error or the subject matter of the proceedings, 1, because the plaintiff in error was not an officer of the Haight & Freese Company; 2, because the check was received prior to the filing of the bill of complaint and the appointment of receivers; and 3, because the right of the receivers to the fund could not be determined in a summary proceeding, but could only be adjudged in an action at law to recover the proceeds of the check.

It was also assigned as error that the plaintiff in error was deprived of a jury trial, contrary to his rights under the Constitution of the United States, and that the Circuit Court had refused and denied his application "to compel the defendant in error to bring any action he may be advised for the recovery of the said sum of two thousand dollars," which denial operated to "deprive the plaintiff in error of his property without due process of law as provided for by the Constitution and laws of the United States."

In the brief of counsel it is further urged that the Circuit Court was without jurisdiction to appoint the receivers, the contention being that the case presented by the bill was not one cognizable in a court of equity, but that the remedy of the complainant was in an action at law.

The case will be disposed of by our ruling upon a motion which has been made to dismiss the writ of error for want of jurisdiction in this court over the same.

The writ of error was applied for and allowed upon the question of the jurisdiction of the Circuit Court. By the first clause of § 5 of the act of March 3, 1891, c. 517, 26 Stat. 826, 827, it is provided that appeals or writs of error may be taken from the District Courts or from the existing Circuit Courts direct to this court "in any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." The scope and meaning of this clause has not infrequently been the subject of consideration, and the prior authorities are reviewed in *Board of Trade* v. *Hammond Elevator Co.,* 198 U. S. 424, where the court said (p. 432):

"It has been definitely settled that it [the section] must be limited to causes where the jurisdiction of the Federal court, as a Federal court, is put in issue, and that questions of jurisdiction applicable to the state courts, as well as to the Federal courts, are not within its scope."

In *Schweer* v. *Brown,* 195 U. S. 171, we declared that an issue as to the authority of the court, arising in a summary proceeding in bankruptcy to compel repayment of money part of the assets of the bankrupt's estate, was not embraced in the first of the classes of cases enumerated in § 5 of the Judiciary Act of 1891, as that class only includes cases where the question is as to the jurisdiction of courts of the United States as such. And in *Smith* v. *McKay,* 161 U. S. 355, it was held that the question whether the remedy was at law or in equity did not involve the jurisdiction of a Federal court as such, and the case was dismissed. Obviously, therefore, in the case at bar

the jurisdiction of the Circuit Court in respect to its power
*as a court of the United States* was not assailed either in the
assignment of errors or in the argument at bar. The jurisdic-
tion of the court was questioned merely in respect to its general
authority as a judicial tribunal, to entertain the summary
proceeding against Bien, initiated by the rule to show cause,
or its power as a court of equity to entertain the suit of Bowker
and afford him equitable relief, and we cannot, therefore, under
the clause of the Judiciary Act above referred to, pass upon the
questions asserting a want of jurisdiction in the Circuit Court.

As the writ of error was allowed upon assignments claimed
to present questions as to the jurisdiction of the Circuit Court,
and the circuit judge certified the question of jurisdiction,
the writ might well be treated as bringing up only jurisdictional
questions. Inasmuch, however, as the right to bring a case
direct to this court exists when constitutional questions are
raised and decided in the Circuit Court, we will briefly notice
the assignments not stated as jurisdictional, viz., that the
denial of a jury trial was an invasion of rights under the Con-
stitution of the United States, and that the refusal to compel
the receiver to bring an action at law for the recovery of the
two thousand dollars paid by the bank was a deprivation of
property without due process of law. The record does not
contain the bill of complaint upon which the court made its
order appointing receivers of and enjoining interference by
third parties with the assets of the Haight & Freese Company.
It is shown, however, that that company, represented by
Mr. Bien as its solicitor, moved to set aside the order as hav-
ing been "inadvertently granted, and among other grounds
that the court was without jurisdiction." This motion was
denied, "with leave to renew should the order in the Massa-
chusetts District be vacated," and such action by the court
appears to have been acquiesced in by the Haight & Freese
Company. Even if it be assumed that the objection was
available to Bien, no sufficient reason has been stated warrant-
ing us in deciding that the Circuit Court acted without juris-

diction, and we must assume that the appointment of the receivers and the making of the injunction order was rightful. As to the money collected on the check, the argument at bar on behalf of the plaintiff in error proceeded upon the manifestly incorrect hypothesis that the delivery to Bien of the check was the equivalent of the payment of the money ordered by the check to be paid.

Reduced to its last analysis, the contention of this branch of the case is that a court of equity, which in the due exercise of jurisdiction had appointed receivers of the assets and property of a corporation and enjoined interference by others with such property, was without power, by summary process, after due notice and opportunity to be heard, to compel a repayment by one who, with knowledge of the order of injunction and in violation of its terms, took in satisfaction of an indebtedness from a debtor to the corporation, property forming part of the assets of such corporation. We think the contention and the assignments of error based thereon are so manifestly frivolous as to be utterly insufficient to serve as the foundation for a writ of error.

It is unnecessary to pass upon various other objections to our jurisdiction over the writ made on behalf of the defendant in error, as it plainly results that the motion to dismiss must be granted, and our order therefore is

*Writ of error dismissed.*