RIVERS, Governor, *et al. v.* ATLANTA SOUTHERN DENTAL COLLEGE.

No. 12571. March 8, 1939. Adhered to on rehearing, March 23, 1939.

*Paul L. Lindsay,* for plaintiffs.

*Hal Lindsay* and *Watkins, Grant & Watkins,* for defendant.

Atkinson, Presiding Justice. His Excellency, E. D. Rivers, as Governor, acting on behalf of the State of Georgia and on relation of the Fifth District Dental Society, instituted an action seeking to enjoin the Atlanta Southern Dental College, a corporation operating a clinic in connection with its college, from practicing dentistry. The jury found in favor of the defendant. The exception is to an order overruling the plaintiff's motion for new trial, which contained the general grounds and two special grounds.

■ The ruling announced in the first headnote does not require elaboration.

■ It was sought to enjoin the Atlanta Southern Dental College (operating a clinic in connection with its college) from practicing dentistry, as defined by the statute. The ground of complaint was that the defendant was not authorized by law to engage in such practice. On the issue as to whether the acts complained of amounted to practice of dentistry the judge charged the jury: "I instruct you that there would be no fee, salary, or reward unless some corporate or private profit is made in the clinic. There would be no such unless the charge for supplies and so forth exceeded the actual outlay therefor; and in considering the actual outlay or cost, you could consider as a part thereof such items as materials, lights, electric current, water, laundry, obsolescence and depreciation in building and equipment, heat, repairs, printing and stationery, clerks, janitors, maids, and such other things as are necessary in the conduct and operation of the clinic; provided of course that the amount of those charges in the total were for that, and not for other departments of the defendant company. Only the

amount that could properly be allocated to the clinic could be considered in the cost of this service. So no item could be put into this cost except such as relate to the clinic alone, or its fair allocation of such gross cost. No expense whatever or part of the expense of the college could go into such cost. I mean the college department as distinguished from the clinical department. I instruct you that no corporate or private income or profit can be made from any such charges. I instruct you that the cleaning of teeth is not the practice of dentistry. I instruct you further that the college is not required to furnish material in the clinic without payment therefor. If a charge is made to the patient over and above the actual cost of the conduct and operation of the clinic, then that charge over and above the actual cost to the college of the operation of the clinic in its relation to each payment would be a fee, salary, or reward; but if it did not make any such charge over and above the actual cost as I have undertaken to define it, then it would not be a fee, salary, or reward."

The question arises as to the correctness of this charge. It is declared in the Code, § 84-701: "All persons who shall charge a fee or salary or any other reward, whether paid or unpaid to any one directly or indirectly, for operations or parts of operations of any kind in the treatment of diseases or lesions of the human teeth, mouth, gums or jaws, or extract teeth or attempt to correct the malposition thereof, or who shall fill or crown a human tooth or teeth, or do any operation whatsoever on the human tooth, or teeth, gums or jaws, or who shall make examination of any human tooth, teeth, gums or jaws, or take an impression thereof for the purpose of treating or operating upon the same, or who shall by any means whatsoever make it known or imply that he will do such operations, shall be held to be practicing dentistry. Proof of any one or all of the acts mentioned in this section shall constitute prima facie evidence of the practice of dentistry." In the same chapter of the Code it is declared: "Nothing in this chapter shall prohibit regularly chartered dental colleges or dental departments of reputable colleges and universities from maintaining regular college clinics under the supervision of regularly licensed and registered demonstrators, nor shall this chapter prevent regularly licensed dental practitioners of other States and counties from giving clinics before any dental society or association of this State whose

objects are the advancement and improvement of dentistry as a science." § 84-722. The object of dental practice is to accomplish results which may be done by skilful service alone, as by extracting teeth and the like, or by skilful service and the furnishing of material adapted to the particular case, such as filling teeth and the like. All that the patient desires is the result, and the undertaking of the practitioner is to produce the result whether the operation be of one class or the other mentioned in the foregoing statutory definition of the practice of dentistry. This must be borne in mind in construing and applying the statute. Code, § 84-701. This definition literally refers to service alone. But what *service* would embrace must be determined in connection with incidental things convenient or necessary to rendition of the service. When so considered, all such things incidental to the several kinds of service specified in the definition are to be included as overhead or part of the service. Where charges are made for one or more of the overhead or incidental services in connection with operations specifically mentioned in the definition, the practice of performing such operations and charging therefor will constitute practice of dentistry within the meaning of the statutory definition. The furnishing of materials such as gold, amalgam, or the like, used in filling teeth, is not necessarily an incidental service. It may be made so by requiring, as a condition to performance of the operation, that the practitioner may furnish the material and include a charge therefor in his general charge for the operation; but it would not be so if the patient voluntarily furnished the material and the practitioner did no more than perform the operation.

Lights, electric current, water, laundry, obsolescence and depreciation in building and equipment, heat, repairs, printing and stationery, clerks, maids, and the like, used by the practitioner in connection with his dental office, are incidental or overhead adjuncts, and the inclusion of one or more of these in charges for operations of any of the kinds specified in the act would bring the practice within the statutory definition. This applies whether the statutory definition be considered alone or in connection with the Code, § 84-722. Referring to this latter provision of the statute, it was well said (whether or not necessary to the decision actually rendered) in *Boykin* v. *Atlanta Southern Dental College,* 177 *Ga.* 1, 5 (69 S. E. 361): "Much stress is placed by counsel for the

defendant on the foregoing words which permit reputable dental colleges and universities to maintain 'regular college clinics.' The act nowhere defines those words. It does clearly define the 'practice of dentistry.' Where one charges a *fee* or *salary* or *any reward,* whether paid or unpaid to any one *directly* or *indirectly* for dental work, he practices dentistry according to the act. Code, Park's Supp. § 1742(w), Michie, § 1754(23). The legislative intent is too clear to permit, by mere construction, an indefinite expression to defeat a definite provision. The indefinite expression 'regular college clinics' must conform to the definite provision as to what constitutes 'practice of dentistry' and who may practice. The matter of what constitutes and who may practice dentistry is the major object of the law, and the reference to dental clinics is incidental." What was there said is now approved and applied. The above-quoted charge of the court erroneously construed and applied the law under which the injunction was sought. The court erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*