## KEY *v.* STRINGER.

No. 16545. MARCH 14, 1949.

*H. J. McBride* and *Claude V. Driver*, for plaintiff in error.
*James R. Murphy* and *D. B. Howe*, contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ We think that the court properly overruled the demurrer for the following reasons: (1) The allegations of the petition, as we view them, are sufficient to show not only a trespass on the plaintiff's land, but a continuing one, and this being true, the case comes within the rule that equity will, by injunction, repress a continuing trespass. *Gainesville Midland R. Co.* v. *Tyner*, 204 *Ga.* 535 (50 S. E. 2d, 108), et cit. (2) It is affirmatively alleged in the petition that the plaintiff owns and is in the possession of a described tract of land, being trespassed upon by the defendant; and in such circumstances a judgment restraining a continuation or repetition of such unlawful acts is not a mandatory injunction within the meaning of the Code, § 55-110. *Phinizy* v. *Gardner*, 159 *Ga.* 136 (125 S. E. 195).

■ The plaintiff predicates her claim to the land in question and the right to enjoy the possession of it free from interference by the defendant, upon a prescriptive title. The Code, § 85-401, declares: "Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by the laws." And actual adverse possession of land for 20 years, by itself, gives good title by prescription. § 85-406. It is the plaintiff's contention that she and her predecessors in title have had such possession of the land involved for more than twenty years. That the evidence was not sufficient to authorize a verdict for the plaintiff upon

this theory, is the contention made by the defendant in the several grounds of the original motion for new trial and the first ground of the amended motion. But after looking carefully at the evidence we do not agree with the defendant. On the contrary, we think that the evidence not only authorized a verdict for the plaintiff, but demanded it. The record discloses that the parties are adjacent landowners. The deed under which each holds calls for the boundary line of the other's land as the dividing line between the two tracts. The plaintiff has a tract of about 13 acres, which is west of and adjacent to the defendant's tract of about 50 acres. Neither disputes the other's title for her or his respective tract except as to the acreage in question. The plaintiff's tract is known as the "Lithia Springs Hotel Property," as formerly owned by Dr. E. L. Gilmore; and the defendant's tract is known as the "R. W. Carroll Place." Whatever title Dr. Gilmore had to the land in question is now vested in the plaintiff; and R. W. Carroll is the defendant's immediate grantor. The plaintiff insists that the dividing line between her tract and the defendant's is a branch. The defendant says that the dividing line is a sufficient distance west of the branch to embrace within his boundary the acreage in dispute. It therefore appears from the record that the controversy between the parties is one respecting a boundary line, and the acreage between these contested lines is the land actually in question. The evidence shows, without any dispute, that Dr. Gilmore purchased the tract now claimed by the plaintiff, which includes the acreage in dispute, at a tax sale in 1919, and resided on it continuously until his death in 1941; and that, during the entire period of his ownership, he either personally or by tenant annually cultivated the land in question to the branch which he and his adjacent landowner, Mr. Carroll, recognized as the boundary line between their respective lands. The evidence further shows, without any contradiction, that Mr. Carroll, during the life of Dr. Gilmore, made no contention that the branch was not the dividing line between his land and the Gilmore tract, but on the contrary recognized it as such. So far as the record shows, there was no controversy about the location of the line from 1919 until October 7, 1944, when the defendant

purchased the Carroll tract; and he (the defendant) testified that Mr. Carroll told him that the correct line between the two tracts was at a location a sufficient distance west of the branch to embrace the six or seven acres here in controversy. Whatever title Dr. Gilmore had or acquired by reason of his possession of the land in question passed to his successor in title. There is no necessity to cite authority for this. As we have previously pointed out, the plaintiff bases her claim to the land in dispute upon a prescriptive title therefor; and the evidence shows, without any dispute, that, for twenty years and longer prior to the date defendant purchased his tract, the plaintiff and her predecessors in title had been in actual adverse possession of the land in question and under circumstances which would, standing alone, ripen their claim into a good prescriptive title; and this being true, no verdict other than one for the plaintiff could have been legally returned by the jury.

■ The remaining seven grounds of the amended motion complain only of the charge, and since we have held in the preceding division of this opinion that the evidence demanded a verdict for the plaintiff, no injury could have resulted to the defendant even from an erroneous charge. But we should not be understood as ruling that the portions of the charge complained of are in fact erroneous. In the view we have of the case, it is unnecessary to consider them. *Lunsford* v. *Armour*, 194 *Ga.* 53 (20 S. E. 2d, 594); *Richardson* v. *Hairried*, 202 *Ga.* 610 (44 S. E. 2d, 237).

*Judgment affirmed. All the Justices concur.*