20248.  HORTMAN *v.* GEORGIA BOARD OF DENTAL EXAMINERS *et al.*

SUBMITTED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958.

562

*Nelson & Nelson, Ross & Ross, A. Russell Ross,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General, Paul M. Conaway,* contra.

HEAD, Justice. ■ "Every decree or order of a superior court in equitable proceedings may be enforced by attachment against the person for contempt; and if a decree shall be partly for money and partly for the performance of a duty, the former may be enforced by execution, and the latter by attachment or other process." Code § 37-1208. "Injunction, ne exeat, prohibition, and other extraordinary remedies may be enforced also by attachment." Code § 37-1210. Code § 24-105 provides that, "in no case shall any person be imprisoned for contempt for failing or refusing to pay over money under any order, decree,

or judgment of any court . . . , when he denies that the money ordered or decreed to be paid over is in his power, custody, or control, until he has a trial by jury as herein provided."

The respondent in the present case cites the Constitution, art. VI, sec. XVI, par. I (Code, Ann., § 2-5101), as follows: "The right of trial by jury, except where it is otherwise provided in this Constitution, shall remain inviolate, . . ."; and asserts that, under this constitutional provision, he was entitled to a jury trial on the question made by the petition for citation and his denial.

In *Gaston* v. *Shunk Plow Co.*, 161 *Ga.* 287, 299 (130 S. E. 580), the same contention was made by the respondent in that case under identical language in the Constitution of 1877. It was held: "The above provision of the Constitution preserves the right of trial by a jury as it existed at common law. . . The right to trial by a jury, unless extended by statute, applies only to actions proceeding according to the course of the common law, and not to special proceedings of a summary character. . . So the right to a trial by a jury in a contempt proceeding was not conferred by the above provision of the Constitution. There is no statute in this State which gives to a party the right to trial by a jury in a proceeding for contempt by a court to force obedience to its order, judgment, or process. This being so, the court did not err in trying any issue of fact, if such there be, in this proceeding, without the intervention of a jury. *Dennard* v. *Farmers & Merchants Bank*, 149 *Ga.* 837 (102 S. E. 356)." See also *Tindall* v. *Nisbet*, 113 *Ga.* 1114, 1133 (39 S. E. 450, 55 L. R. A. 225).

The present case does not come within that class of proceedings for contempt provided for in Code § 24-105, wherein a jury trial is required, and the trial judge did not err in refusing the respondent's demand for a trial by a jury.

■ The petition for citation for contempt alleged that the respondent had practiced dentistry by performing described services for two named persons. On the hearing the trial judge allowed two other witnesses to testify in regard to services performed by the respondent for them, over the objection of the respondent. The respondent cites *Carson* v. *Ennis*, 146 *Ga.* 726,

729 (92 S. E. 221, L. R. A. 1917E 650), in which this court held: "However, it must be alleged in the contempt proceedings that the alleged contemnor had actual notice of the order for disobedience of which he is sought to be punished, and the acts or conduct relied on as establishing the contempt must be clearly and distinctly alleged." It is urged that the trial judge should hear evidence only as to conduct specifically alleged in the petition asserting a violation of the injunctive order.

In the case cited by the respondent, this court was dealing with pleadings, and not with the admissibility of evidence. We agree with the respondent, however, that the respondent in a citation for contempt is entitled to be apprised of the acts which he is charged with committing in violation of the injunctive order, so that he may be prepared to defend against such allegations on the hearing.

The respondent in the present case admitted in his testimony on the hearing that he had performed the services for all of the witnesses, including those witnesses whose testimony was admitted over objection. There was no conflict in the testimony introduced by the board of dental examiners and that of the respondent. The only defense that the respondent sought to make to the charge that he had violated the injunctive order was that the services performed by him for the witnesses did not amount to the practice of dentistry as defined by law. Under the facts of this case, the admission of the cumulative testimony in regard to incidents not specifically alleged in the petition for citation for contempt does not require a reversal of the judgment.

■ The "practice of dentistry" in Georgia was last defined by Ga. L. 1949, pp. 1161, 1162 (Code, Ann., § 84-701). Under this definition, "all persons who shall charge a fee or salary or any other reward, whether paid or unpaid to anyone directly or indirectly" for the performance of named services, including a person "who shall make or repair appliances usable on teeth or as teeth, unless said appliances are ordered by and returned to a licensed dentist," are practicing dentistry.

The respondent in his testimony admitted that he had performed services for the witnesses in making and repairing appliances to be used as teeth, and that the appliances had not

been ordered by, or returned to, a licensed dentist. He stated that he "had not charged a sufficient amount for his services to realize any profit over and above the material that went into the work, and an amount to take care of the overhead expense since he was enjoined in 1957 from practicing dentistry." This testimony of the respondent clearly showed that he had practiced dentistry under the definition of the law. Ga. L. 1949, pp. 1161, 1162 (Code, Ann., § 84-701); *Rivers* v. *Atlanta Southern Dental College,* 187 *Ga.* 720 (1 S. E. 2d 750).

The judgment of the trial judge finding the respondent in contempt of court was amply supported by the evidence, and no abuse of discretion is shown in his order. *Patten* v. *Miller,* 190 *Ga.* 152 (5) (8 S. E. 2d 786).

*Judgment affirmed. All the Justices concur.*

WYATT, Presiding Justice. I concur in the judgment, but do not concur in the rulings made in division 2 of the opinion.