20710. ATLANTA PRINTING SPECIALTIES & PAPER PRODUCTS UNION NO. 527, AFL-CIO *v.* ZELL *et al.*

CANDLER, Justice. On June 17, 1959, William Teem, Jr., George Zell, and Fred Brown, doing business as Zell Manufacturing Company, filed a petition for a stated amount of damages and for injunctive relief against Atlanta Printing Specialties & Paper Products Union No. 527, AFL-CIO, alleging injury and damage resulting from acts of illegal picketing at their place of business. On presentation of their petition, the court issued a rule nisi and granted an ex parte restraining order, which in part provides: ". . . the defendant, its servants, agents, officers and members, and all persons acting in association with them, are hereby temporarily restrained from blocking entrances to plaintiffs' plant, from using force, intimidation, violence or threats of violence against non-striking employees and seeking in an unlawful manner to solicit support for defendant's strike, and from soliciting by telegram or any other means of communication breaches of contract between plaintiff and any of its customers." On June 19, 1959, the plaintiff partnership through its members instituted a contempt proceeding against the defendant union and also against Harry Goggins and Tommie Norris, alleging such two individuals to be striking employees of the defendant union who had actual knowledge or notice of the terms of the restraining order. The contempt petition also alleges that, on the day following the one on which the restraining order was granted, Goggins made an implied threat of violence to and against Jerry Brown, a non-striking employee of the defendant union's shipping department; and that Norris was present at the time and by his silence acquiesced in Goggins' threat of violence. The defendants Goggins and Norris responded jointly to the contempt petition, and denied that they were members of the defendant union; that they had made or acquiesced in any threat of violence to any non-striking employee of the petitioner or had otherwise violated the terms of the restraining order. The defendant union by its response to the rule denied that it had violated any provision of the restraining order; that Goggins and Norris were either members, officers, or agents of the union; and alleged that, if the act allegedly committed by the defendants Goggins and Norris was actually perpetrated, they were not counseled, procured, or

commanded by the defendant union or by anyone expressly or impliedly authorized to act for it in the premises. On the hearing, the uncontradicted evidence showed that the defendants Goggins and Norris were not officials, agents, or members of the defendant union, and that they had no knowledge or notice of the restraining order which was granted on the day immediately prior to their alleged contemptuous act, and from such evidence the trial judge found that they had no knowledge or notice of the restraining order and refused to adjudge them in contempt and accordingly discharged the rule as to them. And the record is completely devoid of any evidence that any officer, agent, or other person authorized to represent, act for, or bind the defendant union counseled, procured, authorized, or ratified the alleged contemptuous act of the defendants Goggins and Norris, or that any person authorized to represent or bind the defendant union had any opportunity to inform or advise the defendants Goggins and Norris, or either of them, as to the existence of the restraining order, but solely because of their act the trial judge found and adjudged the defendant union in contempt and imposed a fine of $100 on it. The defendant union excepted and sued out a writ of error to this court. *Held:*

The basis of a contempt judgment is some wilful disobedience of the court's order, judgment, or decree by the offending party. *Corriher* v. *McElroy*, 209 *Ga.* 885 (3) (76 S. E. 2d 782). Since the finding and judgment in this case against the defendant union is wholly unsupported by any evidence, it was an abuse of discretion to find and adjudge the defendant union in contempt of the court. Compare *Brown* v. *Brown*, 155 *Ga.* 722 (118 S. E. 196).

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 12, 1960—DECIDED FEBRUARY 11, 1960— REHEARING DENIED MARCH 14, 1960.

*Robert L. Mitchell,* for plaintiff in error.
*Paul L. Wayman, Dan MacDougald,* contra.