20936.   BENNETT *et al.* v. BAGWELL & STEWART, INC., *et al.*

ARGUED JUNE 14, 1960—DECIDED SEPTEMBER 8, 1960—
REHEARING DENIED SEPTEMBER 21, 1960.

*Wheeler, Robinson, Norton & Thompson,* for plaintiffs in error.
*Henry B. Troutman, William H. Schroder, T. M. Smith, Jr., Leon Boling,* contra.

QUILLIAN, Justice. ■ The only general ground of the motion for new trial insisted on here is that the verdict was without evidence to support it. The discussion of the special grounds of the amended motion demonstrates that the controlling issue

of the case was whether the defendant in violation of the injunction's restraint operated the plant in such a manner as to create foul and offensive odors that could be smelled in the plaintiffs' homes. The evidence adduced on the trial was in obvious conflict as to this issue, and there was sufficient evidence to support the verdict.

■ The plaintiffs in error vigorously urge as their first special ground for a new trial that the trial court erred in submitting this case to the jury as there is no constitutional right to a trial by jury on the question presented under the Constitution Art. VI, Sec. XVI, Par. I, *Code* § 2-5101 (Right of trial by jury) and under Code § 24-105 (Power of court to punish for contempt).

In any event the plaintiffs in error assert that the question was not properly presented to the jury in that the jury was permitted to pass on the general question of contempt which is a question of law, rather than the narrow factual question of whether the plant still emitted offensive odors. We disagree with these contentions for the reasons and with the limitations hereafter set forth.

If the question of the scope or meaning of the injunctive order of August 1, 1958, had been involved, then under the following language from *Thompson v. Turner*, 69 Ga. 219, 223 the trial court would have been required to pass on the issue: "It appears from the facts disclosed in the record that the whole question which was submitted to the jury turned on the construction of the verdict first above copied, and that whether Mrs. Turner was or was not in contempt depended on its meaning and that of the decree rendered thereon. These were issues of law, and not of fact. They should have been passed upon by the chancellor and determined by him."

Unlike the injunctive order in the cited case, there is no ambiguity in the order here in question. The order simply enjoined the defendants from operating the plant "in a manner so as to create foul and offensive odors that can be smelled in petitioners' homes." Thus, the jury was not called upon to interpret the meaning of the order of August 1, 1958, but rather to determine the factual question of whether the plant was still emit-

ting offensive odors. The submission of such a question has long been considered as being within the discretion of the trial court as is evidenced from the following pronouncement in *Kingsbery v. Ryan,* 92 Ga. 108, 117 (17 S. E. 689): "It has alway's been within the power of a court of chancery to call a jury to aid the chancellor in arriving at the truth when there are disputed issues of fact. Indeed, such has been the usual practice. In a case like the present, the presiding judge, if he deems it proper, may determine for himself, without such aid, all questions of fact arising upon the auditor's report, but inasmuch as the case upon which the contempt proceedings were founded is one in which the court is exercising chancery powers, we see no reason why the judge may not, if such course seems advisable to him, invoke the aid of a jury in arriving at a proper conclusion upon the questions of fact presented. It is a matter of discretion as to what method he will adopt to arrive at the actual truth to be ascertained. The direction above mentioned contains nothing to the contrary of what is here said." *Thompson v. Turner,* 69 Ga. 219, supra, contains a statement to the same effect.

However, the plaintiffs contend that the jury was not presented solely with the question of fact as to the existence of the offensive odors, but with the general question of whether or not the defendants had failed to obey the court order prohibiting them from operating the plant in a manner so as to create foul and offensive odors that could be smelled in the plaintiffs' homes.

As shown above, the jury was not called upon to interpret or make a legal construction of the injunctive decree. Therefore, the jury was not called on to pass on a question of law. The question of whether the defendants were in contempt and that of whether they were permitting offensive odors to escape from the plant which were offensive to the plaintiffs in their homes, were synonymous questions since it was obvious to the jury, as it was to all the parties, that if the jury found that the plant still created odors offensive to the plaintiffs in their homes the jury would likewise find the defendants in contempt of the court order.

It is not to be inferred from anything said above that defendants in a contempt case have a constitutional right to a

jury trial, even on pure questions of fact. It is clear that there is no such right and it has been so held on all appeals by defendants on this ground. Bien v. Robinson, 208 U.S. 423 (28 S. Ct. 579, 52 L. Ed. 556); *Hortman v. Georgia Board of Dental Examiners*, 214 Ga. 560 (105 S. E. 2d 732); *Gaston v. Shunk Plow Co.*, 161 Ga. 287 (130 S. E. 580); *Blackburn v. Blackburn*, 201 Ga. 793, 796 (41 S..E. 2d 519); 50 C. J. S. 776, Juries, § 72; 11 Mercer L. Rev. 84, 132 (1959); 18 Ga. Bar J. 297.

■ Viewed as a whole, the charge is not subject to the criticism urged against it in special ground 2 of the amended motion for a new trial.

■ Ground 3 of the amended motion for new trial excepts to the following portion of the court's charge: "The effect of the defendants' answer is to place upon the plaintiff the burden of establishing that these odors are still being thrown off from the plant in such a way as to be obnoxious to the plaintiffs in the petition. The effect of the defendants' answer is to place upon the plaintiffs the burden of establishing their right to have the plant closed if they are in contempt of court, by the preponderance of the evidence." This charge was assigned as error for the reason that: "The jury was given to understand that two burdens rested on the movants, to wit: (1) establishing that the odors are still being thrown off from the plant in such a way as to be obnoxious to the plaintiffs in the petition; and (2) that movants also had the burden of establishing their right to have the plant closed if they (defendants) are in contempt of court, when the only burden resting upon the movants was to show the plant was being operated in such a manner as to discharge foul and offensive odors in their homes under the pleadings, there being no prayer for closing of the plant."

This case is a citation for contempt for violation by the defendants of an injunction issued in a case where no money or other property was sued for. The permanent injunction alleged to have been violated by the defendants restrained them from operating the plant "in a manner so as to create foul and offensive odors that can be smelled in petitioners' homes" and from polluting the waters of a certain stream. The writ did

not forbid the operation of the plant, nor did it allude to the plant being closed. The petition alleged that, after the supersedeas, which for a time stayed the injunction, was dissolved, the defendants continued to operate the plant in such a manner as to create foul and offensive odors that could be smelled in the plaintiffs' homes. No other violation of the injunction was alleged. The petition prayed for no relief except that the defendants be cited and punished for disobeying the injunction. It is a generally accepted principle of pleading that the prayers of a petition determine the nature of the action and the scope of the relief sought, and the pleader is not entitled to any other relief than that prayed, even though the petition contains allegations that might support additional relief. *Copeland v. Cheney*, 116 Ga. 685 (43 S. E. 59); *Griffin v. Collins*, 122 Ga. 108, 110 (49 S. E. 827); *Bernstein v. Fagelson*, 166 Ga. 281, 287 (142 S. E. 862).

The case of *Alred v. Celanese Corp. of America*, 205 Ga. 371, 384 (54 S. E. 2d 240) enunciates the principle that disobedience of an injunction granted in a case where "no money or other property" is sued for is contempt, which is punishable to maintain the authority of the court. It there made clear that no relief personal to the plaintiff can be obtained. This court held in *Carson v. Ennis*, 146 Ga. 726, 729 (92 S. E. 221, L. R. A. 1917E 650): "In contempt proceedings the only concern of the court is that the law should be obeyed and enforced. It follows that no traverse of the contemnor's answer is necessary in the proceeding under review."

The only burden resting on the plaintiff was to prove that the defendants disobeyed the injunction in the manner alleged in the petition. The charge imposed upon them the additional burden of establishing the right to have the plant closed. This was an additional burden of proof impossible to carry, for as we have pointed out, under the law of contempt, such relief was not available in the proceedings to have the defendants cited for disobedience of an injunction granted in a case where no money or other property was sued for. A charge imposing a heavier or different burden than that required by the law of the case is hurtful error and requires the granting of a new trial.

*Everett v. Clegg*, 213 Ga. 168, 171 (97 S. E. 2d 689); *Harrison v. League*, 93 Ga. App. 718, 721 (92 S. E. 2d 595).

The trial court erred in overruling the motion for a new trial for the reason stated in division 4 of the opinion.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents.*

CANDLER, Justice, dissenting. I do not agree to the judgment of reversal in this case for the reason that the evidence, as I view it, demanded a finding by the jury that the defendants had not wilfully violated any of the terms of the injunction which the contempt petition alleges they violated; and because it is a well-established principle of law that errors in the court's charge to the jury do not require a reversal of the case where the evidence demanded the verdict returned. See, in this connection, *Lunsford v. Armour*, 194 Ga. 53(2) (20 S. E. 2d 594); *Key v. Stringer*, 204 Ga. 869(3) (52 S. E. 2d 305); and *Atlanta Printing Specialties & Paper Products Union No. 527, AFL-CIO v. Zell*, 215 Ga. 732 (113 S. E. 2d 401).