### 38618.  HOLCOMB v. JOHNSTON *et al.*

FELTON, Chief Judge. Where a citation seeking a judgment for criminal contempt is filed as a branch of an equity case in which the judgment enjoined the defendant from committing

the acts which form the basis for the contempt citation, the contempt case comes within the jurisdiction of the court having jurisdiction of the equity case. This situation exists, where, as in the instant case, the petition for citation for contempt is instituted by the plaintiffs in the equity case and is entitled in the equity case. The same jurisdictional consequence obtains in a case arising out of a petition by a defendant adjudged in contempt for a modification of the contempt judgment against the plaintiffs in the equity case, especially when, as here, the petition for modification is entitled in the equity case. *Alred v. Celanese Corp. of America,* 205 Ga. 371, 391 (54 S. E. 2d 240); *Atlanta Printing Specialties &c. Union No. 527, AFL-CIO v. Zell,* 215 Ga. 732 (113 S. E. 2d 401); *Bennett v. Bagwell & Stewart, Inc.,* 216 Ga. 290 (116 S. E. 2d 288). The case is accordingly

*Transferred to the Supreme Court. Nichols and Bell, JJ., concur.*

DECIDED FEBRUARY 1, 1961.

*Thomas C. Burton, Herbert B. Kimzey, Kimzey & Kimzey,* for plaintiff in error.

*Paul M. Conaway, McClure, Ramsay & Struble, George B. Ramsay, Jr.,* contra.