[No. 39336. Department Two. July 11, 1968.]

MARSHALL'S CONSTRUCTION, INC., *Appellant*, v. LOCAL No. 549 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA *et al.*, *Defendants*, THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, *Respondent.**

*Perry J. Robinson*, for appellant.

*William B. Holst* and *Tonkoff, Holst & Hanson* (*Patrick C. O'Donoghue* and *O'Donoghue & O'Donoghue*, of counsel), for respondent.

*Reported in 443 P.2d 529.

HILL, J.—Avoiding the long names appearing in the caption, it suffices to say that the plaintiff, Marshall's Construction, Inc., commenced a libel action against a local union—hereinafter referred to as Local 549—and its business agent; and also against the international union (United States and Canada)—hereinafter referred to as International—with which Local 549 is affiliated.

The alleged libel consisted of the publication of the following statement by the business agent of Local 549:

WORKING CONDITIONS ON THIS JOB ARE SUBSTANDARD. THIS PICKET LINE IS TO PROTEST SUBSTANDARD WAGES AND WORKING CONDITIONS AND NOT TO ENCOURAGE OR INDUCE EMPLOYEES OF ANY OTHER EMPLOYER TO ENGAGE IN ANY STRIKE OR CONCERTED REFUSAL TO WORK OR INTERFERE WITH OPERATIONS. PLBS & STMFTS

LOCAL 549

(Another almost identical publication is also alleged.)

After the filing of pleadings by the defendants and the taking of depositions, International moved for a summary judgment of dismissal, which was granted.

The plaintiff appeals.

The issue presented is whether there was sufficient evidence available to the trial court to raise a genuine issue of fact as to whether or not Local 549, or its business agent, was the agent of International in the publication of the alleged libel.

We quote at length from the trial court's oral decision, because it states succinctly the issue presented on the motion for summary judgment and makes clear the insufficiency of the matters relied upon by the plaintiff to raise a genuine issue of fact.

The defendant, International, sets forth by affidavit of Mr. Hopson, and its general secretary-treasurer, Martin J. Ward, that the local is not the agent of the International, nor are any of the employees of the local agents of the International. Hence, the defendant presents by affidavit evidence that there is no genuine issue of fact on this point. It is conceded by both parties that unless an agency relationship exists between Hopson and the International or the local and the International, that there is nothing binding upon the International.

Plaintiff counters through his counsel's own affidavit, which quotes portions of the International's constitution, by-laws, rules of order and jurisdiction.[1]

The rule is clear in this state that on motion for summary judgment, each party must furnish the factual evidence upon which he relies. *Lundgren v. Kieren,* 64 Wn. (2d) 672, 677.

As stated in *Almy v. Kvamme* 63 Wn. (2d) 326, 329:

"The office of a summary judgment proceeding is to avoid a useless trial. It is to test, in advance of trial, whether evidence to sustain the allegations in the com-

---

[1] The provisions of the International's constitution, by-laws, and rules of order (quoted by counsel for the plaintiff in his affidavit) are as follows:

SEC. 1. This organization shall be known as the UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, composed of journeymen and apprentices engaged in the supervising, fabrication, installation and maintenance of plumbing, and pipe fitting installations of every description and character.

SEC. 2. The jurisdiction of the territory of the United Association embraces the United States and Canada, and its trade jurisdiction shall include all branches of the pipe fitting industry. In it alone is vested the power to establish Local Unions, and its mandates must be obeyed at all times and under all circumstances. To the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada is reserved the right to decide all matters pertaining trade and territorial jurisdiction of its affiliated Local Unions, and no Local Union is conceded territorial jurisdiction other than the current working day in said territory, while to Local Unions is conceded the right to make necessary by-laws and agreements for Local Union government which do not conflict with the laws of the United Association.

Section 109 of said constitution provides:

The Business Agent and/or Business Manager meets in daily contact with the public and with employer, becoming the trustee of the welfare of the members of the Local Union. It is his solemn duty and obligation to vigilantly protect the trade jurisdiction of the United Association in the plumbing and pipe fitting industry of his locality; also to compel employers to observe and respect collective bargaining agreements, adjusting all grievances between members of his Local Union and their employers with justice and fairness, as well as fostering and promoting employment for the members of the Local Union.

Section 106 is paraphrased in the affidavit as specifying the officers which each Local shall elect and that each Local shall elect one of its members as Business Agent.

plaint actually exist. Evidentiary pleadings alone, if properly challenged by controverting affidavits, depositions, and admissions presented by the moving party, will not carry the issue of fact to a trial. The object of a motion for summary judgment is to separate the wheat from the chaff in evidentiary pleadings, and to establish, at the hearing, the existence or nonexistence of a genuine, material issue."

This view is also adopted in *Reed v. Streib* 65 Wn.(2d) 700, 707, and *Carlson v. Milbrad* 68 Wn.(2d) 837, 839, 840.

Assuming, arguendo, that a citation of constitutional provisions of the International in the plaintiff counsel's affidavit is sufficient, there is nothing found therein in Sections 1 or 2 which show that the International has any jurisdiction over the acts of the local's business manager or the local, other than the extent of trade and territorial jurisdiction of said local. The establishing of a territorial jurisdiction does not of itself give the International, as set forth in those provisions, any right to interfere in the operation of that local within that given territory. *Farnsworth & Chambers Co. v. Sheet Metal Workers Int. Association, Local 49* 125 F. Supp. 830.

As quoted from Section 109 of the International's constitution, and counsel's affidavit, there is nothing to indicate that the business agent is responsible to or acting on behalf of or subject to the control of the International. From the language there used, it would appear that his sole obligation is to the local as their trustee. The language "to vigilantly protect the trade jurisdiction of the united association in the plumbing and pipe fitting industry of his locality" does not give carte blanche ratification or consent for each and every act of each and every business agent in each and every local which may be affiliated with an international union of this nature.

The deposition of the defendant, Hopson, would surely indicate that there was no consultation with or ratification by the International of his acts in regard to the plaintiff; in fact, he specifically negated that proposition on Page 21 of the deposition:

"Q Did anyone of the United Association of Journeymen and Apprentices—that is the National Organization?

"A No, they never came into it at all."

Contrast this with his testimony regarding Local 549's executive board action:

"Q The Board had advised this action, had decided upon this course of action?

"A They had sanctioned it.

"Q Approved it, in other words?

"A Yes. ·

"Q This was prior to the time you put the sign up out at the Marshall Construction job?

"A Prior to I put the sign up?"

As stated in *Ford v. United Brotherhood of Carpenters and Joiners of America, et al.,* 50 Wn. (2d) 832, at 838:

"Agency is defined in *Restatement, Agency,* § 1, as follows:

" 'Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'

" . . . .

" 'But it is a recognized rule in cases involving labor union locals, which are subordinate components of the international unions but have a prescribed independence in the management of their internal affairs, that the international will not be held liable for obligations incurred or acts done by the local in the ordinary conduct of the latter's affairs in the absence of participation in or ratification of those obligations or acts."

There is nothing other than the allegation of agency set forth in the plaintiff's complaint and the quotations from the constitution, by-laws, rules of order and jurisdiction of the International, relied upon by the plaintiff to establish agency. This is insufficient to raise a genuine issue of a material fact under the cases cited above, and hence defendant International's motion for summary judgment will be granted, and plaintiff's complaint dismissed as to that defendant.

 Little need be added to the trial court's oral decision. We have set out in footnote 1 the quotations from the constitution of International relied upon by counsel for the plaintiff in its attempt to establish that Local 549's business agent was acting for and on behalf of International in the publication of the alleged libel; and, assuming arguendo, as did the trial court, the sufficiency of this mode of proof, we fail to find anything in said constitutional provisions

that authorizes, approves, or ratifies the activities of which the plaintiff complains.

The respondent (International) makes the further contention that the Supreme Court of the United States in *United Mine Workers v. Gibbs*, 383 U.S. 715, 16 L. Ed. 2d 218, 86 Sup. Ct. 1130 (1966), sets forth a more stringent burden on the plaintiff in a tort case, such as this, than we have heretofore considered. Reference is made to the "special proof requirements imposed by § 6 of the Norris-LaGuardia Act."[2] The *Gibbs'* opinion quotes *United Bhd. of Carpenters v. United States*, 330 U.S. 395, 403, 91 L. Ed. 973, 67 Sup. Ct. 775 (1947):

> "whether § 6 should be called a rule of evidence or one that changes the substantive law of agency . . . its purpose and effect was to relieve organizations . . . and members of those organizations from liability for damages or imputation of guilt for lawless acts done in labor disputes by some individual officers or members of the organization, without clear proof that the organization or member charged with responsibility for the offense actually participated, gave prior authorization, or ratified such acts after actual knowledge of their perpetration." (p. 736)

RCW 49.32.070 is identical with section 6 of the Norris-LaGuardia Act (see note 2), if you substitute "any court of the state" of Washington for "any court of the United States."

■ We are content to rely on the reasoning of the trial court for our affirmance in this case because, on the basis of the record before us, we cannot say that there was a "labor dispute"; and, without a "labor dispute," RCW 49.32.070 is not applicable. Further, a reconsideration of some of our statements in *Titus v. Tacoma Smeltermen's*

---

[2] "No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court of the United States for the unlawful acts of individual officers, members, or agents, except upon clear proof of actual participation in, or actual authorization of, such acts, or of ratification of such acts after actual knowledge thereof." (p. 735)

*Local No. 25, IMM&SW*, 62 Wn.2d 461, 383 P.2d 504 (1963), would be necessary and that would require an en banc hearing.

Hence, without reliance on RCW 49.32.070, we affirm the summary judgment dismissing International.

HUNTER, HAMILTON, and NEILL, JJ., and DONWORTH, J. Pro Tem., concur.