527 P.2d 801

**Bruce G. STRINGER, Plaintiff-Appellee,**

v.

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, INTERNATIONAL, an unincorporated association, Defendant-Appellant,**

and

**American Federation of State, County and Municipal Employees Local 624, an unincorporated association, and James Swann, Defendants.**

**No. 1483.**

Court of Appeals of New Mexico.

Oct. 2, 1974.

William J. Cooksey, Frank P. Dickson, Jr., Branch, Dickson, DuBois & Wilson, P. A., Albuquerque, for defendant-appellant.

Michael M. Rueckhaus, Rueckhaus & Rueckhaus, P. A., Albuquerque, for plaintiff-appellee.

OPINION

SUTIN, Judge.

This is an interlocutory appeal to determine whether defendant, American Federation of State, County and Municipal Employees, International, was entitled to summary judgment.

Was there a material issue of fact whether International was legally accountable for the allegedly defamatory statements made by defendant Swann, the business agent of Local 624?

Plaintiff's complaint alleged that Swann was a duly authorized agent of International and Local 624 and the writing was jointly published by all defendants with malicious intent to injure plaintiff; that Swann, who published the writing, was a duly authorized agent of the International and local unions acting within the scope of his authority.

*Facts*

On October 9, 1972, Swann, as business agent for Local 624, wrote a letter to the Director of City Parks and Recreation, with a copy to plaintiff, relating his investigation of the activities of plaintiff as the zoo manager.

By affidavit, Swann stated that Local 624 was the duly certified, qualified and acting exclusive representative for certain blue collar workers of the City of Albuquerque, pursuant to a collective bargaining ordinance; that Local 624 was the exclusive representative for some time prior to September, 1972.

By affidavit, Jerry Wurf, President of the International, stated that it is comprised of members of local unions in New Mexico and other states chartered under provisions of the Constitution of the International; that chartered labor unions are autonomous, operated and controlled under their own constitutions; that the Constitution of International provides that no local union, or any officer or member thereof, has the power to act as agent for International except as specifically authorized in writing; that Swann had no authority to act on behalf of International; that International did not participate in the preparation of, nor was it aware of, the letter written by Swann prior to the filing of the complaint; that it did not approve or ratify or affirm the contents of the letter.

Plaintiff presented the affidavit of John Martinez, employed in the personnel department of the City. In April and May, 1971, he was one of the representatives for the City in a contract negotiation with International. Its chief spokesman was Tom King of the International's Denver office. In late July and continuing into early August, 1973, there was a strike of City employees. Martinez and Joe Roberson of International were negotiators for the contract dispute.

International's affidavits made a prima facie showing of the absence of a genuine issue of fact on an agency relationship between Swann and International. Plaintiff's affidavit failed to show that a genuine issue of fact was present. International was entitled to summary judgment. Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972). Rule 56(c) [§ 21–1–1(56)(c), N.M.S.A.1953 (Repl. Vol. 4)]. Factually, a case directly in point is Marshall's Construction, Inc. v. Local No. 549, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, 74 Wash.2d 120, 443 P.2d 529 (1968).

We have considered plaintiff's other points for affirmance. We find none which meet the issue of summary judgment on the merits.

Reversed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.