529 P.2d 1255

**CITY OF ARTESIA, New Mexico, Ernest Thompson, Floyd Economides, William J. Gray, Cecil C. Hill, Wayne Kemp, Alfred (Fred) Mermis and Howard Price, Plaintiffs-Appellees,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO.CLC., United Steelworkers of America, AFL–CIO.CLC Local No. 187, Hollan Cornett, Lela Cornett, Jacob Mercado, James D. Briscoe, Juan O. Cortez, Ramon Hernandez, and A. P. Navarrette, Defendants-Appellants.**

**No. 1446.**

Court of Appeals of New Mexico.

Dec. 11, 1974.

Gerald R. Bloomfield, Albuquerque, Rudolph L. Milasich, Jr., Pittsburgh, Pa., Bernard Kleiman, Kleiman, Cornfield & Feldman, Chicago, Ill., Bredhoff, Cushman, Gottesman & Cohen, Washington, D. C., for defendants-appellants.

John P. Eastham, Roberta Cooper Ramo, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, Fred A. Watson, Watson & Watson, Artesia, for plaintiffs-appellees.

OPINION

SUTIN, Judge.

United Steelworkers of America, AFL–CIO.CLC (hereinafter: the National Steelworkers) was fined $1,000.00 for contempt of the trial court's order and appeals. We reverse.

On December 22, 1972, the trial court entered an order enjoining all the defendants from violating the laws of the State of New Mexico with reference to picketing, and particularly from violating Artesia City Ordinance No. 343 in such respect. This order was in full force and effect at the time of the claimed violation thereof on March 7, 1973.

The trial court found that on March 7, 1973 at approximately 9:20 p. m., a group of people led by one Randy Jackson parked their automobiles in front and alongside of the residence of the Mayor of Artesia to harass the .Mayor because of a labor dispute that had been in progress for several months. The court found that Randy Jackson was an organizer of the National Steelworkers; that the National Steelworkers paid his expenses; that Jackson was taking an active part in trying to organize the union in the City of Artesia on behalf of the National Steelworkers; that Jackson met with the people who went to the Mayor's house, and advised, counseled and directed them as to what their activities would be; and that Jackson actually led them and assumed leadership over their actions after they arrived.

The trial court concluded that Randy Jackson was the agent of the National Steelworkers and was acting in that capacity.

On June 11, 1973, the trial court denied the National Steelworkers' motion to set aside the contempt order.

The trial record does not show substantial evidence that Randy Jackson was the agent of the National Steelworkers. Jackson testified that he was not employed by the National Steelworkers, and that the only payments he had received for his activities was in the form of two expense checks totalling $39.99, from Local Union 8035. He stated that he had been assisting *the Local.* This is the only evidence to suggest a relationship between Jackson and the National Steelworkers; and it is not sufficient to establish the existence of an agency relationship. Stringer v. American Federation of State, County and Municipal Employees, International, 527 P.2d 801 (N. M.App., decided October 2, 1974); National Labor Relations Board v. International Longshoremen's and Warehousemen's Union, Local 10, 283 F.2d 558 (9th Cir. 1960).

Furthermore, National Steelworkers is not liable for the acts of Randy Jackson, because there was no evidence that, as an entity, it initiated, participated in, authorized or ratified any illegal acts charged against it. Marlite Div. Masonite Corp. v. United Papermakers and Paperworkers, A.F.L.–C.I.O., 42 Ohio App.2d 19, 225 N. E.2d 862 (1967); Atlanta Printing Specialties & Paper Products Union No. 527, A. F.L.–C.I.O. v. Zell, 215 Ga. 732, 113 S.E.2d 401 (1960); United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975 (1922); United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L. Ed.2d 218 (1966).

The order is reversed. National Steelworkers is discharged from the order of contempt entered in this case.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.