### McMULLEN v. HURLEY et al.

(Circuit Court of Appeals, Eighth Circuit. June 27, 1923.)

No. 6140.

Receivers &#9758;73—Court may by summary order require restoration of property taken from possession of its receivers.

    A court of equity has power by a summary order to require restoration of property taken from the possession of its receivers without their knowledge or consent.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

In Equity. On petition of P. J. Hurley and another, receivers for the Gilliland Oil Company, against R. V. McMullen, to require return

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of property. From an order granting the petition, defendant appeals. Affirmed.

Sands, Holcombe & Lohman, of Pawhuska, Okl., for appellant.

J. H. Maxey and Christy Russell, both of Tulsa, Okl., for appellees.

Before STONE, Circuit Judge, and TRIEBER and JOHNSON, District Judges.

JOHNSON, District Judge. The court below on August 24, 1921, appointed appellees receivers of the Gilliland Oil Company and authorized them to take possession of all the property of the company located within the jurisdiction of the court. In March, 1922, the receivers commenced this proceeding in the court below. In their petition they alleged that at the time of their appointment as receivers the Gilliland Oil Company was the owner of about 21,000 feet of two-inch gas pipe of the value of about $4,600, located in the storage yards of the Midland Supply Company in the city of Pawhuska, Okl.; that the said pipe had come into their possession by virtue of their appointment as receivers and had theretofore been appraised and inventoried by them as property of the said Gilliland Oil Company; that appellant, without the knowledge or consent of appellees, had removed the said pipe from the said storage yards and converted the same to his own use; that he had refused to return said property to them or to pay for the same. The appellant was ordered to show cause why he should not return the pipe or pay the value thereof to the receivers. Appellant moved the court to dismiss the petition. In his motion he alleged that the ownership of the pipe removed by him was in dispute; that he never had in his possession any pipe belonging to the Gilliland Oil Company or to the receivers; that the pipe described in the petition was the individual and personal property of appellant. He further alleged that the receivers should be required to bring a plenary suit for the recovery of the pipe or its value, and that this summary proceeding should be dismissed. Appellant also filed an answer in which he denied that he removed any pipe belonging to the Gilliland Oil Company or to the receivers from the yards of the Midland Supply Company. He denied that the Gilliland Oil Company ever had any pipe in the yards of the Midland Supply Company. He alleged:

"That the said receivers cannot maintain this summary proceeding and deprive this respondent of a jury trial in a court of law as to the ownership of said pipe."

The trial court overruled the motion to dismiss, heard the evidence, and entered an order that appellant deliver and restore to the possession of the receivers 21,000 feet of two-inch gas pipe, "the property of the estate of Gilliland Oil Company, same having been formerly located in the storage yards of the Midland Supply Company in the city of Pawhuska, Okl., and removed therefrom by said respondent," or, in the event of his inability to return the property, appellant was ordered to pay to the receivers $3,111.36, the value of the pipe. From this order appellant has appealed.

It is alleged: (1) That the trial court erred in refusing to dismiss the petition; (2) that the evidence is insufficient to support the judgment and order of the court.

No useful purpose would be served by reviewing the evidence in detail. The conclusion of the trial court that the pipe of the Gilliland Oil Company stacked in the yards of the Midland Supply Company by the witness McCulley was taken away by the agents and servants of appellant is sustained by the evidence. This pipe was in the yards of the Midland Supply Company when appellees were appointed receivers, and was later inspected, inventoried, and appraised by their agent for them. Constructively the pipe was in the possession of the receivers when it was removed by appellant's servants and agents. The power of the court to protect the possession of its receivers is too well settled to require discussion. Bien v. Robinson, 208 U. S. 423, 28 Sup. Ct. 379, 52 L. Ed. 556; 34 Cyc. pp. 205, 206.

Counsel for appellees in their brief very properly say:

"The proceeding from which this appeal is prosecuted was not to determine title to the property in question, but the right of possession thereof."

The purpose of the order entered by the court below was to vindicate the right of the receivers to the possession of the property, and not for the purpose of definitely and finally determining title. Thus construed, appellant has no cause to complain of the order made by the court below, and the same is affirmed. Costs to appellees.