**REPUBLIC SUPPLY CO. OF CALIFORNIA v. RICHFIELD OIL CO. OF CALIFORNIA.**

**NORWALK CO. v. McDUFFIE.**

**No. 6680.**

Circuit Court of Appeals, Ninth Circuit.

May 31, 1931.

A. L. Weil, of San Francisco, Cal., Kirk E. Boone, of Los Angeles, Cal., and Martin J. Weil, of San Francisco, Cal., for appellant.

Henry F. Prince, Robert E. Paradise, and Gibson, Dunn & Crutcher, all of Los Angeles, Cal., for appellee.

**36**

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

William C. McDuffie was appointed receiver for affairs and property of the Richfield Oil Company in an equitable suit brought by reason of the financial difficulties of the company. The Richfield Oil Company was producing and distributing petroleum products, and, among other things, was operating certain oil wells in the Santa Fé Springs District, Los Angeles county, Cal. In connection with the operation of these wells, on October 9, 1928, it entered into an agreement with the Norwalk Company, appellant herein, under the terms of which it agreed to furnish and deliver to the Norwalk Company all the natural gas produced from certain wells operated by it, and the Norwalk Company agreed to transport said gas in its pipe lines to its plant where it would remove the gasoline contained therein, and pay to the Richfield Oil Company one-third of the gross proceeds derived from the sale of all the gasoline extracted from the wet gas furnished it from the Richfield Oil Company's wells, or, at the option of the Richfield Company, upon thirty days' notice, the Norwalk Company agreed to deliver one-third of the gasoline extracted by it from the wet gas furnished it by the Richfield Oil Company. The one-third payable in kind to the Richfield Oil Company was to be stored for ten days by the Norwalk Company in tanks provided by it. After his appointment the receiver delivered to the Norwalk Company 110,869 M cubic feet of gas containing 180,-705 gallons of gasoline. The receiver demanded one-third of this amount of gasoline, to wit, 60,235 gallons; but the Norwalk Company refused to deliver this gasoline to the receiver for the reason that prior to the receivership it had delivered to the Richfield Oil Company 217,406 gallons of natural gasoline in pursuance of a supplementary agreement entered into with the Norwalk Company by the terms of which the Norwalk Company delivered to the Richfield Oil Company the entire gasoline content extracted from the gas delivered to it by the Richfield Oil Company. The amount delivered in excess of the one-third to which the Richfield Oil Company was entitled under the contract was 217,-406 gallons. In short, at the time of the application for receivership the Richfield Oil Company was indebted to the Norwalk Company for 217,406 gallons of casing head gasoline. The Norwalk Company claims the right to set off the obligation of the Richfield Com-

pany to pay for said gasoline against its obligation to deliver to the receiver the 60,235 gallons of gasoline delivered to it by the receiver. The receiver petitioned the court for an order directing the Norwalk Company to turn over the 60,235 gallons of gasoline aforesaid, and in his petition stated the facts with reference to the claim for set-off. The Norwalk Oil Company appeared in response to an order to show cause and contested the matter.

In its brief the Norwalk Company, appellant, claims that the court was without jurisdiction to proceed in a summary manner to order the turnover of the aforesaid gasoline, but on the argument concedes that by its general appearance and opposition to the motion it waived the jurisdictional question. It does, however, contend upon the argument that its opposition to a summary proceeding was equivalent to the assertion of the right to a trial by jury and also to cross-examine witnesses. It is sufficient on this subject to say that no such point is made in the assignments of error.

The principal question involved on this appeal, and, we think, the only one, is whether or not, under the circumstances mentioned, the appellant has the right to set off its claim. If so, it will be observed that in the event the receiver continues to deliver gas under the terms of the contract the appellant will be permitted to retain 217,406 gallons of gasoline before beginning payment for such gas. Appellant asserts that the receiver never had possession of the gasoline in question, and therefore there should be a plenary suit. As we have said, this question has been waived by general appearance in response to the petition. It is conceded, as we understand it, that, if the indebtedness of the Richfield Oil Company to the Norwalk Company were separate and distinct from the contract under which the receiver delivered natural gas to the Norwalk Company, there would be no right of set-off as against the receiver. One debt would be that of the Richfield Company to the Norwalk Company, and the other that of the Norwalk Company to the receiver. It is contended, however, in view of the fact that both obligations arose out of a single contract, that in order for the receiver to enforce the obligation of that contract against the Norwalk Company he must be subjected to the obligation of the Richfield Oil Company to the Norwalk Company arising under the same contract. We are unable to perceive any force in this contention. The two obligations are distinct. The obligation to

the Norwalk Company was incurred by the Richfield Oil Company prior to the receivership, while that of the Norwalk Company was incurred after the appointment of the receiver who was acting on behalf of all the creditors of the Richfield Oil Company. What the Norwalk Company is really seeking is a preference over other creditors of the Richfield Oil Company. If there are ample funds to pay all the indebtedness of the Richfield Oil Company at the time of the receivership, the appellant will be paid as all other creditors are paid; if not, the mere fact that the prior indebtedness of the Richfield Oil Company to the Norwalk Company arose out of the same contract is entirely immaterial. Counsel suggests that a court of equity would not permit the receiver to recover the gasoline he had delivered to the Norwalk Company without forcing the receiver to pay the indebtedness in question. This contention quite overlooks the problem presented to the court in the case at bar. That problem is one of dealing equitably with all parties and all interests involved in an effort to solve the complicated problems arising out of the involved financial condition of the Richfield Oil Company, and among these is that of paying ratably the claims of general creditors who are not entitled to preference and who cannot be paid in full. While many authorities are cited by both sides in the briefs on appeal, and while there are some expressions used by the courts in connection with these decisions not in entire harmony with the views we have expressed, no case is cited which establishes any principle in conflict with the conclusion we have reached, and all, we think, are in full accord with the proposition that there can be no set-off under the circumstances of the case at bar.

The order of the trial court not only required the appellant to turn over the gasoline it had received, to wit, 60,235 gallons, or its value, but also to similarly deliver to the receiver one-third of the gasoline extracted from the natural gas delivered to it by the receiver so long as that delivery continued under the contracts entered into by the Richfield Oil Company with the Norwalk Company. It also provided that upon the termination of the receivership the Norwalk Company should continue to deliver gasoline so extracted from gas furnished to it under the contract by the Richfield Oil Company or its successors or assigns. These provisions of the order were no doubt incorporated to obviate the possibility of a future claim of a right to set off against the gasoline subsequently received the amount due to it by the Richfield Oil Company for gasoline received prior to the receivership. The effect of this order was no doubt intended to establish the continued existence of the contract notwithstanding the refusal of the receiver to allow the set-off in question. Appellant claims that the order goes too far, in that it amounts to a denial of the right of the appellant to a set-off in case the Richfield Oil Company recovers its property upon the termination of the receivership. This no doubt goes further than the court intended and appellee consents to a modification of the order which would preclude such a construction of the order.

The order will be modified by striking out, "and upon the termination of such receivership, to Richfield Oil Company of California, or its successors or assigns, or to such person, firm or corporation as shall succeed to substantially all of the assets and property of Richfield Oil Company of California, under or pursuant to any reorganization plan adopted in said receivership."

As so modified the order will be affirmed, appellant to have his costs on appeal.