James H. DONELL, Receiver for J.T. Wallenbrock & Associates and Citadel Capital Management Group, Inc., Plaintiff,

v.

Naomi E. BRAUN, an individual, Defendant.

No. 3:07–CV–00273–ECR–RAM.

United States District Court,
D. Nevada,
Reno.

April 18, 2008.

Byron Z. Moldo, Howard I. Camhi, Moldo Davidson Fraioli Seror & Sestanovich, Los Angeles, CA, Randolph L. Howard, Kolesar & Leatham, Chtd., Las Vegas, NV, for Plaintiff.

Michael E. Sullivan, Robinson Belaustegui Sharp & Low, Reno, NV, for Defendant.

## ORDER

EDWARD C. REED, District Judge.

Plaintiff James H. Donell ("Plaintiff"), receiver for J.T. Wallenbrock & Associates and Citadel Capital Management Group, filed this action on December 28, 2006 in the Central District of California. Plaintiff seeks to recover real property assets that he alleges were fraudulently transferred from Kirk Braun to Defendant Naomi Braun ("Defendant") shortly before Kirk Braun became a judgment debtor to Plaintiff on December 31, 2003. The judgment against Kirk Braun in favor of Plaintiff was in the amount of $275,761.38. The real estate assets, located in Nevada, were transferred to Defendant pursuant to a Nevada divorce settlement dated April 28, 2003. This was roughly one month after Plaintiff's complaint against Kirk Braun

was filed in the Central District of California. Notably, the Central District of California appointed the receiver on February 21, 2002, more than a year earlier than the assets at issue in this case were transferred from Kirk Braun to Defendant.

On March 31, 2007, the Central District of California declined to adopt a stipulation between the parties to transfer this case to the District of Nevada. On April 30, 2007, Defendant filed a motion in the Central District of California to dismiss this case for lack of personal jurisdiction. In support of the motion, Defendant argued that she "does not have the minimum contacts with California necessary for [the Central District of California] to exercise jurisdiction over her." In response, Plaintiff asserted that Defendant had waived the objection to jurisdictional "defects that may exist," and that the case could alternatively be transferred to the District of Nevada, Reno Division. The Central District of California transferred this case to this district on June 6, 2007.

Currently pending before the Court is Defendant's Motion to Dismiss for lack of Personal Jurisdiction (FRCP 12(b)(2)), or Alternatively Motion for Summary Judgment (# 31). Defendant argues that dismissal is appropriate because this Court lacks personal jurisdiction due to Plaintiff's non-compliance with the procedural requirements of 28 U.S.C. § 754. Alternatively, Defendant argues that summary judgment should be granted (1) on the basis of the Rooker–Feldman doctrine,[1] and (2) because Defendant took the properties from her husband in good faith and for fair value.

For the following reasons, Defendant's motion to dismiss will be granted.

## I. Standard for Dismissal for Lack of Jurisdiction (Rules 12(b)(1) and 12(b)(2))

 The plaintiff bears the burden of establishing that this Court has personal and subject matter jurisdiction over the defendant. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir.2003). A motion to dismiss for lack of jurisdiction may attack the sufficiency of the complaint, or it may be made as a "speaking motion" attacking the existence of jurisdiction as a matter of fact. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979). "Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Id.* However, absent an evidentiary hearing, the plaintiff "need only make a prima facie showing of jurisdiction to survive the motion to dismiss." *Mattel*, 354 F.3d at 862. Further, absent an evidentiary hearing, the non-movant's version of any contested facts must be taken as true. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1160 (9th Cir.2007).

Citing Federal Rule of Civil Procedure 12(b)(2), Defendant asserts that this Court lacks personal jurisdiction. Plaintiff, on the other hand, construes Defendant's motion as a motion bearing on this Court's subject matter jurisdiction, pursuant to Rule 12(b)(1). The confusion is not material to the applicable standard.[2] This

---

1. The Court will briefly note that the Rooker–Feldman doctrine is inapplicable to this case because Plaintiff was a non-party to the state court divorce proceedings. *Johnson v. De Grandy*, 512 U.S. 997, 1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92, 125 S.Ct. 1517, 161 L.Ed.2d 454

(2005); *see also Johnson v. Rodriques (OROZCO)*, 226 F.3d 1103, 1109–10 (10th Cir. 2000) (collecting cases and construing *Johnson v. De Grandy* ).

2. The confusion likely arises from the text of 28 U.S.C. § 754, which simply uses the word "jurisdiction."

Court has an independent duty to ensure that it has jurisdiction and will address both issues.

## II. Sections 754 and 1692 of Title 28

Because this case is in an unusual posture, and because Defendant has framed the issue as non-compliance with section 754, we begin with a brief outline of sections 754 and 1692. 28 U.S.C. §§ 754, 1692. These provisions operate together to extend the court of appointment's territorial jurisdiction. *Sec. & Exch. Comm'n v. Ross,* 504 F.3d 1130, 1146 (9th Cir.2007); *see Sec. & Exch. Comm'n v. Vision Commc'ns, Inc.,* 74 F.3d 287, 290–91 (D.C.Cir.1996). The jurisdictional components of section 754, title 28 provide:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.....
>
> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

28 U.S.C. § 754. Section 1692 of title 28 provides:

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall

be entered of record in each of such districts.

28 U.S.C. § 1692.

In the situation contemplated by these provisions, the receiver will litigate in the court of appointment although the receivership property is located in a different district. *See Ross,* 504 F.3d at 1146. Section 1692 provides for nationwide service of process and, so long as section 754 is complied with, the relevant contacts required for due process are the defendants' contacts "with the United States as a whole." *Id.; Sec. & Exch. Comm'n v. Bilzerian,* 378 F.3d 1100, 1106 n. 8 (D.C.Cir.2004); *Haile v. Henderson Nat'l Bank,* 657 F.2d 816, 824–25 (6th Cir.1981). Further, when section 754 is complied with, the role of the non-appointing court is quite limited. *Fed. Sav. & Loan Ins. Corp. v. McKinzie,* 661 F.Supp. 1415 (D.Nev.1987). In sum, had Plaintiff complied with section 754 and thus availed himself of section 1692, this case could have stayed in the court of appointment.

This is not the court of appointment and section 754, as a procedural matter, is a road not taken. The Court agrees with Plaintiff that the procedural deadline set forth in section 754 for filing the order of appointment is irrelevant at this point in this case, although for the following reasons, the observation does not help Plaintiff at all.

 Plaintiff pleaded jurisdiction in the Central District of California as follows:

> This Court has jurisdiction over the subject matter of this adversary proceeding because this action is ancillary to the receivership action entitled *Securities and Exchange Commission v. J.T. Wallenbrock & Associates, et al.,* U.S. District Court Case No. CV 02–00808 ER (Shx) (the "Receivership Action"), which is pending before this Court.

(Complaint (# 1–3) ¶ 1.) Plaintiff continues to argue that there is ancillary jurisdiction in this Court, even as Plaintiff also contends that section 754 does not apply. It is very well established that a receiver does not need an independent basis for subject matter jurisdiction in cases filed to accomplish the ends of the receivership within the court of appointment. *Pope v. Louisville, N.A. & C. Ry. Co.*, 173 U.S. 573, 577, 19 S.Ct. 500, 43 L.Ed. 814 (1899); *see also Haile*, 657 F.2d at 822–23. However, the receiver's ancillary or supplemental subject matter jurisdiction exists only in the appointing court (here, the Central District of California). *United States v. Franklin Nat'l Bank*, 512 F.2d 245, 249–50 (2d Cir.1975); *see also* 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil 2d* § 2985 & n. 26 (1997); 8 Fed. Proc., L.Ed. § 21:61 (2005). Because Plaintiff did not attempt to comply with section 754 while litigating in the Central District of California, Plaintiff is now required to plead an independent basis for both personal and subject matter jurisdiction. *Franklin Nat'l Bank*, 512 F.2d at 249–50. That said, Plaintiff is not required to demonstrate an independent basis of personal and subject matter jurisdiction *and*, comply with the procedural requirements of section 754. *See Vision Commc'ns*, 74 F.3d at 291 ("Of course, a receiver's failure to comply with § 754 cannot deprive a court of personal jurisdiction it already has."); *United States v. Arizona Fuels Corp.*, 739 F.2d 455, 460 (9th Cir. 1984).

We note in passing that several issues would remain if we were to find section 754 applicable at this juncture, and that these issues have not been briefed by the parties. Defendant argues that the filing deadline set by section 754 divests this Court of jurisdiction but Defendant has not addressed the legal significance of the fact that the receiver was appointed long before the assets at issue were transferred to Defendant. In other words, the allegedly fraudulent transfer happened well after the ten-day deadline had run. Presumably because the procedures of section 754 do not apply in this case, the issue of tolling has not arisen. However, even if section 754 did apply and the deadline set by section 754 was not tolled, it is still the case that the order appointing the receiver is now a part of this Court's record. (Ex. A to Opp. (# 36).) Thus, the question would become whether any prejudice to Defendant has arisen from the failure of Plaintiff to meet the statutory deadline. *See Sec. & Exch. Comm'n v. Equity Serv. Corp.*, 632 F.2d 1092, 1095 (3d Cir.1980) ("a receiver who has failed to file within the ten-day period [may] reassume jurisdiction by a later filing, as long as the rights of others have not been prejudiced during the intervening period") (modification supplied); *Ariz. Fuels Corp.*, 739 F.2d at 460 (citing *Equity Service Corp.*, and rejecting a jurisdictional challenge in part because there was no prejudice to the defendant). The parties have not addressed these issues, and it is unnecessary for the Court to do so.

## III. Conclusion

Because no proper allegation of subject matter jurisdiction has been made, and because personal jurisdiction has not been properly pleaded, **IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion to dismiss (# 31) is **GRANTED.** Plaintiff shall have twenty (20) days from the date of entry of this order to file an amended complaint that meets the pleading requirements of Federal Rule of Civil Procedure 8(a)(1).

**IT IS FURTHER ORDERED** that Defendant's alternative motion for summary judgment (# 31) is **DENIED** as moot.

Defendant has requested oral argument, but it is unwarranted on this record.