NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APRIL 8 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 13-15768 |
| Plaintiff-Appellee, | D.C. No. 2:10-CV-2203-MMD |
| v. | |
| SHARLA JOHNSON, ORANGE CAT INVESTMENTS, ZIBBY, LLC, and ZIBBY FLIGHT SERVICE, LLC | MEMORANDUM[*] |
| Defendants-Appellants, | |
| ROB EVANS | |
| Receiver-Appellee. | |

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 13-15778 |
| Plaintiff-Appellee, | D.C. No. 2:10-CV-2203-MMD |
| v. | |
| iPREROGATIVE, LLC, ROTORTRENDS, LLC, SLI, LLC, and TRIGGER, LLC, | |
| Intervenors-Appellants, | |

DUANE FIELDING, NETWORK AGENDA, LLC, and ANTHON HOLDINGS, CORP.,

Defendants-Appellants,

ROB EVANS

Receiver-Appellee.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted February 3, 2014
Pasadena, California

Before: PREGERSON and BERZON, Circuit Judges, and AMON, Chief District Judge.[**]

Sharla Johnson, Orange Cat Investments, Zibby, LLC, Zibby Flight Service, LLC, Duane Fielding, Network Agenda, LLC, Anthon Holdings Corp., iPrerogative, LLC, Rotertrends, LLC, SLI, LLC, and Trigger, LLC appeal from a March 25, 2013 order (the "clarification order") of the United States District Court for the District of Nevada (Du, J.), granting a motion by an appointed receiver to clarify the scope of a preliminary injunction entered February 10, 2011.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Carol Bagley Amon, Chief Judge, United States District Court for the Eastern District of New York, sitting by designation.

Appellants contend that the clarification order, which confirmed that appellants' property was within the scope of the preliminary injunction and therefore frozen and subject to a receivership, was improper, principally because the district court lacked jurisdiction over the property in question, and because the use of summary proceedings violated appellants' due process rights. We find no jurisdictional defect or due process violation and affirm.

This Court's "review of the decision to grant a preliminary injunction is limited and deferential." In re Focus Media Inc., 387 F.3d 1077, 1081 (9th Cir. 2004) (internal quotation marks omitted). "We review de novo the legal premises underlying a preliminary injunction, and the decision to grant a preliminary injunction for an abuse of discretion." Id. Factual findings are reviewed for clear error. Thalheimer v. City of San Diego, 645 F.3d 1109, 1115 (9th Cir. 2011).

Initially, we find that, to the extent that the appellants contend that their assets were not properly part of the receivership estate, their contentions are meritless. A district court may freeze assets when doing so is necessary to preserve the possibility of full relief. See, e.g., Johnson v. Couturier, 572 F.3d 1067, 1085 (9th Cir. 2009) ("A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted."). "A court is authorized to impose a preliminary injunction on assets which were controlled by a party, even if that

party did not expressly own or possess those assets." FDIC v. Garner, 125 F.3d 1272, 1280 (9th Cir. 1997); see also SEC v. Hickey, 322 F.3d 1123, 1125 (9th Cir. 2003) ("[T]he inherent equitable power of a district court allows it to freeze the assets of a nonparty when that nonparty is dominated and controlled by a defendant against whom relief has been obtained in a securities fraud enforcement action.").

The district court found that the assets of each of the appellants were controlled by the receivership defendants and "held to benefit defendants in their efforts to keep assets from the receivership." (E.R. 101-02.) This finding was well supported by evidence that each of the entity appellants was controlled partially or entirely by receivership defendants, as well as by proof of asset transactions that were inexplicable unless the entities were controlled by receivership defendants, and by evidence that many of the entities were capitalized entirely with funds from the receivership defendants. Additionally, Sharla Johnson's assertion that her assets are not subject to the receivership estate is not pertinent, as the evidence is that the assets were not in fact her assets. Although she held a substantial interest in several of the entities at issue in this case, the receiver offered proof that she contributed no assets or funds of her own to these entities and that she received other receivership assets from other receivership defendants for little or no consideration. Based on this factual record, the district court did not clearly err in

4

determining that the assets of each of the appellants were properly considered part of the receivership estate.

We reject appellants' further contention that the district court lacked jurisdiction to include their assets in the preliminary injunction. 28 U.S.C. § 754 grants a receiver "complete jurisdiction and control" over receivership property located within another district so long as the receiver, "within ten days after the entry of his order of appointment, file[s] copies of the complaint and such order of appointment in the district court for each district in which property is located." 28 U.S.C. § 754; see also United States v. Ariz. Fuels Corp., 739 F.2d 455, 460 (9th Cir. 1984) ("Ariz. Fuels") ("A receiver achieves jurisdiction and control of property in districts other than that of appointment by filing copies of the complaint and order of appointment in the district court where the property is located."). The parties acknowledged at oral argument that the required filings under § 754 were made in each district where the appellants' assets were located outside of the forum District of Nevada. Consequently, the district court's exercise of jurisdiction over those assets was entirely proper.

Finally, appellants' due process rights were not violated by the procedures used by the district court. This Court has long approved of the use of summary proceedings to determine possession of the assets of nonparties in receivership proceedings. See CFTC v. Topworth Int'l, Ltd., 205 F.3d 1107, 1113 (9th Cir.

5

1999) ("Topworth"); SEC v. Hardy, 803 F.2d 1034, 1040 (9th Cir. 1986); Ariz. Fuels, 739 F.2d at 458. Such proceedings "satisfy due process so long as there is adequate notice and opportunity to be heard." Topworth, 205 F.3d at 1113. Each appellant in this case had adequate notice of the receiver's clarification motion, as that motion was served on either the owners or managers of each entity, as well as directly on Sharla Johnson. Additionally, each appellant was afforded the opportunity to respond to the clarification motion in writing, to submit evidence in support of that response, and to present oral argument at a hearing on the motion. Such procedures easily satisfy the requirements of due process.

Sharla Johnson nevertheless asserts that her due process rights were violated to the extent that her assets – specifically, the Johnsons' residence – were subject to the preliminary injunction from the time that injunction was originally issued, as she was not afforded formal notice of the preliminary injunction itself. But the preliminary injunction was not a final adjudication of her rights to this property, and it did not deprive her of the use of the property, just – temporarily – of the right to alienate it during the pendency of this action.

Further, she was bound by the terms of the preliminary injunction as someone with actual notice of it before she tried to alienate the house. See Fed. R. Civ. P. 65(d). Although Sharla Johnson was not served with the preliminary injunction order, she necessarily had notice of it, at the very latest, by September 9,

6

2011, when she moved to intervene in the case to appeal an order by the district court permitting the receiver to sell certain property titled in her name under the terms of the preliminary injunction. She therefore was well aware before she attempted to transfer that asset in February 2013 that the district court had "frozen" any transaction concerning the house in the preliminary injunction order.

**AFFIRMED.**