NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | No. 24-628 |
| Plaintiff, | D.C. No. 2:22-cv-00612-CDS-EJY |
| v. | MEMORANDUM* |
| AARON GRIGSBY, | |
| Defendant - Appellant, | |
| and | |
| MATTHEW WADE BEASLEY, BEASLEY LAW GROUP, PC, JEFFREY J. JUDD, CHRISTOPHER R. HUMPHRIES, J&J CONSULTING SERVICES, INC., an Alaska Corporation; a Nevada Corporation, J & J PURCHASING, LLC, SHANE M. JAGER, JASON M. JONGEWARD, DENNY SEYBERT, ROLAND TANNER, JUDD IRREVOCABLE TRUST, PAJ CONSULTING INC, BJ HOLDINGS LLC, STIRLING CONSULTING, LLC, CJ INVESTMENTS, LLC, JL2 INVESTMENTS, LLC, ROCKING HORSE PROPERTIES, LLC, TRIPLE THREAT BASKETBALL, LLC, ACAC LLC, ANTHONY MICHAEL ALBERTO, | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Jr., MONTY CREW LLC, LARRY
JEFFERY, JASON A. JENNE, SETH
JOHNSON, CHRISTOPHER M.
MADSEN, RICHARD R. MADSEN,
MARK A. MURPHY, CAMERON
ROHNER, WARREN ROSEGREEN,
PAULA BEASLEY,

Defendants,

----------------------------------------

GEOFF WINKLER, Receiver for J&J
Consulting Services, Inc., J&J Consulting
Services, Inc.,  J and J Purchasing LLC, The
Judd Irrevocable Trust,  and BJ Holdings
LLC,

Receiver - Appellee.

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted March 4, 2025[**]
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Aaron Grigsby appeals from orders of the district court compelling him to

turn over $405,302.40 to a receiver and holding him in civil contempt for violating

the court's orders. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"A district court's decision concerning the supervision of an equitable receivership is reviewed for abuse of discretion." *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005); *see also SEC v. Peterson*, ___ F.4th ___, 2025 WL 556280, at *5 (9th Cir. Feb. 20, 2025). We also review a civil contempt order for abuse of discretion. *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).

As part of the underlying SEC enforcement action, the district court properly assumed exclusive jurisdiction over Matthew Beasley's assets and appointed a receiver to take possession of those assets and preserve them for the benefit of the receivership estate. The receivership order specified that it covered all "credits" and "automobiles" in which Beasley had any beneficial interest or over which he maintained or exercised control since 2016. It prohibited anyone with notice of the order from "directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would . . . [i]nterfere with the Receiver's efforts to take control, possession, or management of any Receivership Property" or "[d]issipate or otherwise diminish the value of any Receivership Property."

Because Grigsby violated the court's orders by evading the receiver's inquiries, facilitating the sale of receivership property, and dissipating the proceeds without the receiver's permission, the district court acted within its discretion both in ordering Grigsby turn over to the receiver $405,302.40 and in holding him in

civil contempt. As the district court correctly determined, Grigsby's attorney's fees "charged to Matthew Beasley's credit card[s] constitute *credits* and are thus properly receivership property." The proceeds from the sale of three automobiles that Beasley owned or controlled after 2016 were also receivership property. Grigsby violated the order when he accepted and kept those sale proceeds in his law firm's trust account and used some of the money to pay for various expenses of Matthew Beasley's ex-wife, Paula Beasley, without the receiver's permission. He also evaded or refused the receiver's requests to show that his attorney's fees did not come from tainted funds. Although Grigsby now contends that "at all relevant times, [the Mercedes G-Wagon] was Paula Beasley's sole and separate property under Nevada law," he conceded otherwise in writing to the SEC, and he facilitated the sale of that vehicle without the receiver's consent.

Grigsby contends that the district court's turnover order was contrary to principles of disgorgement because he has a legitimate claim to the funds or used them to pay for Paula Beasley's expenses. *See SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998). The district court, however, ordered turnover, not disgorgement. In SEC enforcement actions, disgorgement is designed to deprive the primary defendants of the profits from their violations. *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010). But *turnover* orders address assets that belonged to the defendant and were converted or transferred. Such orders

determine "who [is] entitled to interim possession of the funds"; they do not adjudicate final rights to those funds. *United States v. Arizona Fuels Corp.*, 739 F.2d 455, 459 (9th Cir. 1984). Therefore, the ultimate validity of Grigsby's claim to the funds is irrelevant in reviewing the turnover order. Ordering turnover is within the discretion of the district court where, as here, the funds at issue are within the exclusive jurisdiction of a court-appointed equitable receivership.

Grigsby's due-process argument likewise fails because it relies on his flawed disgorgement theory. Even if it did not, Grigsby received due process: three hearings and more than a year to comply with the court's orders.

Grigsby presents no independent argument against the contempt order. His challenge to that order is derivative of his challenge to the turnover order, and it therefore fails.

Appellee's motion for judicial notice (Dkt. No. 33) is **GRANTED**.

**AFFIRMED.**