NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MERITAGE HOMEOWNERS'
ASSOCIATION,

        Plaintiff - Appellee,

  v.

BANK OF NEW YORK MELLON,

        Defendant,

  v.

KURT FREITAG,

        Third-pty-defendant,

  v.

PSRG TRUST,

        Claimant - Appellant,

and

SHERMAN SHERMAN JOHNNIE &
HOYT, LLP, BIG FISH PARTNERS, SUE
COWDEN,

No. 24-6479

D.C. No.
6:16-cv-00300-MC

MEMORANDUM*

---

      *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Claimants,

----------------------------------------

ROHN M. ROBERTS,

      Receiver - Appellee.

MERITAGE HOMEOWNERS'
ASSOCIATION,

      Plaintiff - Appellee,

  v.

BANK OF NEW YORK MELLON,

      Defendant,

  v.

KURT FREITAG,

      Third-pty-defendant,

  v.

BIG FISH PARTNERS; SUE COWDEN,

      Claimants - Appellants,

and

SHERMAN SHERMAN JOHNNIE &
HOYT, LLP, PSRG TRUST,

      Claimants,

----------------------------------------

No. 24-6484

D.C. No.
6:16-cv-00300-MC

24-6479

ROHN M. ROBERTS,

      Receiver - Appellee.

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Submitted February 5, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Claimants-Appellants Big Fish Partners ("Big Fish"), Sue Cowden ("Cowden"), and PSRG Trust (collectively, "Appellants") appeal the district court's order disallowing their claims against the Meritage Homeowners' Association ("HOA"). Appellee, a court-appointed receiver ("Receiver"), manages the HOA. The district court conducted the proceedings, heard evidence, and disallowed the claims pursuant to its inherent equitable power to administer the receivership. Kurt Freitag ("Freitag") manages Big Fish and is the primary beneficiary of PSRG Trust. Freitag planned and built the Meritage housing development and managed the HOA from 2003 to 2018.

This litigation began in 2016. The HOA, then controlled by Freitag, sued Defendant Bank of New York Mellon ("BNYM"), which owned a Meritage unit, to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recover dues and other fees. In April 2018, the district court granted partial summary judgment in favor of BNYM because it concluded that, under Oregon law, Freitag lacked authority to exercise the powers of the HOA. In May 2018, the district court appointed a Receiver to manage the HOA's finances and operations.

To identify potential creditors, the Receiver invited anyone who claimed to be a creditor of the HOA to submit a claim. PSRG Trust submitted a $1.125 million claim based on loans it allegedly made to the HOA. Cowden submitted a claim for $5,586, alleging that an independent contractor working for the HOA damaged her unit. The Receiver objected to Appellants' claims and petitioned the district court to decide the validity of the claims.

In a receivership, a district court has broad discretion to craft procedures for determining a claim's validity. *S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). The district court permitted several months of discovery and held a two-day "evidentiary hearing" akin to a bench trial. The district court concluded that Appellants failed to prove their claims by a preponderance of the evidence and disallowed the claims. The district court then directed entry of final judgment under Federal Rule of Civil Procedure 54(b). Appellants timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. Appellants ask us to review the district court's April 2018 order finding that Freitag lacked legal authority to control the HOA. That order granted partial

summary judgment in the ongoing district court litigation between the HOA and BNYM. "It is axiomatic that orders granting partial summary judgment . . . are not final appealable orders under section 1291." *Cheng v. Comm'r*, 878 F.2d 306, 309 (9th Cir. 1989). Our jurisdiction extends only to the four claims as to which the district court directed entry of final judgment pursuant to Rule 54(b): (1) the order disallowing PSRG Trust's claim; (2) the order disallowing Cowden's claim; (3) the order quieting title in favor of the HOA; and (4) the award of attorney's fees to the Receiver.[1] The district court did not certify the April 2018 order for interlocutory appeal or direct entry of final judgment as to that order pursuant to Rule 54(b). We therefore lack appellate jurisdiction to review it.

We may exercise "pendent appellate jurisdiction" to review a claim that is not on appeal when review of the pendent claim is "necessary to ensure meaningful review of" the claims on appeal. *Swint v. Chambers Cnty Comm'n*, 514 U.S. 35, 51 (1995). But that "demanding standard" is not met here. *See Dominguez v. Better Mortg. Corp.*, 88 F.4th 782, 794 (9th Cir. 2023). "It is at least theoretically possible" to review the validity of PSRG Trust's claim for the money it lent the HOA without

---

[1] Appellants' opening brief challenged only the district court's decisions to disallow PSRG Trust's claim and Cowden's claim. Although we have jurisdiction to review the other two claims that the district court certified for appeal, Appellants forfeited any challenge to them, so we do not address them. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

deciding whether Freitag could lawfully control the HOA in 2018. *See id.* We therefore lack pendent appellate jurisdiction to review the latter issue.

Appellants also argue that we may review the district court's 2018 order divesting Freitag of authority because that order was the "principal basis for the court's appointment of the Receiver." An order appointing a receiver pursuant to Federal Rule of Civil Procedure 66 is immediately appealable. 28 U.S.C. § 1292(a)(2). Appellants had 30 days to file a notice of appeal after the district court issued its order appointing the Receiver. Fed. R. App. P. 4(a)(1)(A). Appellants did not appeal. The thirty-day time limit is "mandatory and jurisdictional." *Melendres v. Maricopa Cnty.*, 815 F.3d 645, 649 (9th Cir. 2016) (citation modified). We lack jurisdiction to review the order appointing the Receiver and therefore cannot exercise pendent appellate jurisdiction over the order divesting Freitag of authority to control the HOA.

We turn to the claims over which we have appellate jurisdiction. Appellants argue that the district court committed procedural and substantive errors in disallowing their claims against the HOA. "[A] district court's power . . . to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *Hardy*, 803 F.2d at 1037. We review a "district court's decisions involving its supervision of an equitable receivership" for abuse of discretion. *Id.* This standard applies to the district court's choice of procedures, its

discovery rulings, and decisions regarding "the allowance . . . of claims" against the receivership. *Janvey v. GMAG, L.L.C.*, 98 F.4th 127, 143 (5th Cir. 2024) (quoting 12 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2982 & n.10 (3d ed. 2023)).

2. PSRG Trust argues that the district court abused its discretion in concluding that PSRG Trust failed to prove its claim by a preponderance of the evidence. We disagree.

PSRG Trust did not produce primary-source documents to verify the claimed debt. It provided no bank statements, no checks issued by PSRG Trust to the HOA, and no other "supporting source documents one would expect to find to support the existence of such a loan." PSRG Trust's expert admitted that she was "not provided with bank statements and other source documents that would allow [her] to inspect all transactions of PSRG Trust." By contrast, the Receiver's expert testified that "there are no substantive documents to confirm whether [PSRG Trust] actually loaned [the HOA] funds." On this record, the district court's finding that PSRG Trust failed to establish a valid debt was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

PSRG Trust contends that it was entitled to recover under a theory of unjust enrichment. The district court found that "PSRG Trust's inequitable

conduct . . . evinces unclean hands to the detriment of [the HOA]," which made recovery based on the doctrine of unjust enrichment inapplicable. The district court had an adequate basis in the record for this conclusion. The expert report offered by the Receiver concluded that Freitag had "commingled funds" between his entities and the HOA. The report also found "cause [for] concern about the use of the [HOA's] funds while Mr. Freitag had control."

3. PSRG Trust argues that the district court erred in denying its request to subpoena thirty-six homeowners. "A primary purpose" of a receivership "is to promote orderly and efficient administration of the estate." *Hardy*, 803 F.2d at 1038. A district court may adopt "[r]easonable administrative procedures" to address the "complex circumstances" of a case. *Id.* We will uphold those procedures absent a "clear abuse of discretion." *Id.* The district court required PSRG Trust to make a minimal showing that the claimed loans existed before it could subpoena homeowners about whether the loans were ratified. Because PSRG Trust's request would have led to over seventy hours of depositions, this was a reasonable limitation. The requirement was therefore not a "clear abuse of discretion." *See id.*

The Federal Rules of Civil Procedure did not govern the district court proceedings, but they are instructive. Rule 30(a)(2)(A)(i) requires a party to obtain leave to take more than ten depositions. Rule 26(b) requires a court to consider "whether the burden or expense of the proposed discovery outweighs its likely

benefit." The district court required PSRG Trust to provide some evidence that the loans to the HOA existed before it permitted PSRG Trust to subpoena thirty-six homeowners about whether they ratified those loans. The deposition testimony would have been relevant only if the loans existed. The same limitation would have been permissible in plenary proceedings governed by the Federal Rules; it was certainly permissible in the summary proceedings of an equitable receivership.[2]

4. Appellants argue that the district court erred by permitting PSRG Trust's counsel, B. Scott Whipple, to withdraw without requiring an explanation, and that this error "irreparably harmed PSRG Trust's opportunity to prove its claims." We review the district court's decision for abuse of discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Appellants' argument fails. The district court acted within its discretion, and PSRG Trust has not shown prejudice.

Whipple declared that an ethics attorney advised him that withdrawal was mandatory. The district court permitted withdrawal without extensive collateral proceedings, which would have delayed the adjudication of PSRG Trust's claim, increased the legal fees owed to the Receiver, and prejudiced the HOA's other

---

[2] PSRG Trust argues that the district court's denial of its subpoena request violated due process. We reject this argument. "[S]ummary proceedings are appropriate and proper to protect equity receivership assets." *United States v. Arizona Fuels Corp.*, 739 F.2d 455 (9th Cir. 1984). Denying discovery that would not be permitted in ordinary civil litigation does not violate due process in the context of a receivership, where streamlined summary proceedings are permissible.

creditors. The district court acted within its discretion to administer the receivership. *See S.E.C. v. Universal Fin.*, 760 F.2d 1034, 1038 (9th Cir. 1985) ("the interests of the Receiver are very broad and include . . . considerations of judicial economy."). Even if the district court erred in allowing Whipple to withdraw, we will not reverse because PSRG Trust has not shown prejudice. The district court delayed the evidentiary hearing by several months to allow PSRG Trust to retain substitute counsel. PSRG Trust did so within one month of Whipple's withdrawal and did not seek an extension of the date of the evidentiary hearing on PSRG Trust's and Cowden's claims against the HOA.

5. Cowden and Big Fish argue that the district court abused its discretion in disallowing Cowden's claim against the HOA. That argument is unavailing. Cowden offered no firsthand evidence that the damage to her window was caused by an independent contractor working for the HOA. The only evidence supporting her claim was Freitag's testimony, which rested on supposition. Freitag testified that a unit owner told him the unit owner had "heard" (but had not seen) Cowden's window crack while the contractor worked on Cowden's unit. The district court's conclusion that Cowden had not established by a preponderance of the evidence that the damage to her window was caused by an independent contractor working for the HOA was not "illogical, implausible, or without support in inferences that may be drawn from the record." *Hinkson*, 585 F.3d at 1263. The district court also

recognized that under Oregon law, the HOA would not be vicariously liable for the tortious act of an independent contractor under these circumstances, so Cowden's claim would also fail as a matter of law.  *See Johnson v. Salem Title Co.*, 246 Or. 409, 413 (1967).

**AFFIRMED.**